# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DIAMOND CONSORTIUM, INC. and DAVID BLANK | § § § § § § § § § |
| v. | Civil Action No. 4:17-CV-452 Judge Mazzant |
| MARK HAMMERVOLD and HAMMERVOLD, PLC | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Mark Hammervold and Hammervold PLC's Motion to Alter/Amend Order of Dismissal to Reassess Defendants' Costs, Including Defendants' Attorneys' Fees to the Plaintiffs ("Motion to Amend") (Dkt. #90) and Defendants Mark Hammervold and Hammervold PLC's Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and Common Law "Bad Faith" Exception to the American Rule ("Motion for Fees") (Dkt. #94). Having considered the motions and the relevant pleadings, the Court finds that the motions should be denied.

### BACKGROUND

The present case was initially part of another suit. In this initial suit, Plaintiffs Diamond Consortium, Inc. and David Blank sued Brian Manookian, Brian Cummings, and Cummings Manookian, PLC ("Initial Defendants") alleging that they engaged in a scheme to defame and defraud Plaintiffs. *Diamond Consortium v. Brian Manookian*, 4:16-cv-94 (E.D. Tex. Feb. 3, 2016). The allegations against the Initial Defendants were that they created a website and advertisements falsely accusing Plaintiffs of committing diamond fraud and cheating customers by over-grading diamonds. According to the allegations, the Initial Defendants threatened lawsuits

against Plaintiffs unless they retained Cummings Manookian as counsel and paid a $25,000 retainer fee for a period of 120 months, totaling three million dollars. This retainer would conflict the Initial Defendants off cases asserted against Plaintiffs. The Initial Defendants were alleged to have made these retainer agreements with other jewelers as well.

The Hammervold Defendants were added to the initial suit on September 14, 2016. According to Plaintiffs, the Hammervold Defendants were necessary because the Initial Defendants would solicit clients and then refer them to the Hammervold Defendants to prosecute the case, thereby avoiding the appearance of a conflict when the Initial Defendants sought to enter retainer agreements with targeted jewelers. Based on this allegation, Plaintiffs brought suit against the Hammervold Defendants for violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1926(c) ("the RICO Act") and for civil conspiracy.

In the initial suit, the Hammervold Defendants filed a motion to dismiss for failure to state a claim, which the Court denied. The Hammervold Defendants' then-counsel additionally filed a motion to withdraw as counsel based on "limited resources" of the Hammervold Defendants and to permit the Hammervold Defendants to continue in litigation represented by Mark Hammervold, which the Court denied. The Hammervold Defendants filed a notice of appeal as to both orders on May 25, 2017 and June 6, 2017. After filing the appeal, the Hammervold Defendants filed a motion to stay the case and the Initial Defendants filed a motion to sever. The Court granted the motions on June 27, 2017 and opened the current case. The Fifth Circuit issued opinions affirming the Court's decisions regarding the Texas Citizens Participation Act and the motion to withdraw on June 12, 2018 and August 8, 2018. The case resumed in the present case on July 16, 2018, when the Court issued its Order Governing Proceedings. Based on the stage of the case, at the scheduling conference, the Court set the case for Pretrial Conference on March 1, 2019.

In the present litigation, the Hammervold Defendants filed a motion to withdraw and motion to proceed pro se. The Court granted the motion on January 15, 2019. On February 28, 2019, Plaintiffs filed a voluntary notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41. After conferring with the parties by e-mail on the agreement thereto, the Court granted the motion for voluntary dismissal, using the proposed order on February 28, 2019.

Subsequently, on March 14, 2019, the Hammervold Defendants filed the present motion to amend the judgment that the Court entered, arguing that because the judgment was silent as to fees and costs, the Hammervold Defendants wanted the Court to amend it to allow the Court to re-assess costs and attorney's fees (Dkt. #90). On March 28, 2019, Plaintiffs filed a response and a sealed supplement to the response (Dkt. #97; Dkt. #99). The Hammervold Defendants filed their reply on April 4, 2019 (Dkt. #102) and on April 11, 2019, Plaintiffs filed their sur-reply to the motion to amend (Dkt. #103).

Additionally, on March 21, 2019, the Hammervold Defendants filed the present motion for sanctions and attorneys' fees (Dkt. #94). Plaintiffs filed a response to this motion on April 4, 2019 (Dkt. #101). On April 11, 2019, the Hammervold Defendants filed a response to the motion (Dkt. #104) and Plaintiffs filed a sur-reply on April 17, 2019.

**LEGAL STANDARD**

"Under the 'bedrock principle known as the 'American Rule,' '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" *Marc v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). One such statute is 28 U.S.C. § 1927, which permits courts to assess "excess costs, expenses, and attorneys' fees reasonably incurred" by an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." "[T]o shift the *entire cost of defense*, the claimant must prove, by clear and convincing evidence, that every facet

3

of the litigation was patently meritless . . . .' Therefore, when § 1927 sanctions are shifting only the partial cost of defense—anything less than 'all costs associated with an action'—the clear and convincing standard should not be applied." *Morrison v. Walker*, 939 F.3d 633, 638 n.13 (5th Cir. 2019) (emphasis in original) (citations omitted).

Similarly, "[n]otwithstanding the American Rule, however, we have long recognized that federal courts have the inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx*, 568 U.S. at 382 (citations omitted). That is, "when a party acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). "[T]he standard for the imposition of sanctions using the court's inherent powers is extremely high." *Goldin v. Bartholow*, 166 F.3d 710, 723 (5th Cir. 1999). The Court "must make specific findings as to the frivolousness of the suit" *Morris v. V4V1 Vehicles for Veterans*, No. 4:15-cv-724, 2017 WL 3034664, at *2 (E.D. Tex. July 18, 2017) (Mazzant, J.), and "general complaints about the" party against whom sanctions are sought is insufficient. *Goldin*, 166 F.3d at 723. "[T]he finding of bad faith must be supported by clear and convincing proof." *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014) (quoting *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir.2001)).

## ANALYSIS

The Hammervold Defendants argue that the Court should shift the costs to Plaintiffs and award attorneys' fees to the Hammervold Defendants based on: (1) 28 U.S.C. § 1927; and (2) the "bad faith" exception to the American Rule. Plaintiffs challenge that they acted in bad faith in filing suit or litigating their claims. As there is substantial overlap between the two grounds, the Court addresses them together, identifying any differences if they arise.

Initially, after reviewing the briefing, it does not appear that the Hammervold Defendants attempted to argue that Plaintiffs were unsuccessful litigants in this case. The Fifth Circuit has explained that when awarding attorneys' fees pursuant to the Court's inherent power under the "bad faith" exception to the American Rule, "the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the *unsuccessful litigant*." *Batson v. Neal Spelce Assocs.*, 805 F.2d 546, 550 (5th Cir. 1986) (emphasis added) (citing *Hall v. Cole*, 412 U.S. 1, 6 (1973)). Based on the procedure of this case, there is not a clear successful litigant and unsuccessful litigant. Plaintiffs voluntarily dismissed their case prior to trial, with no adverse rulings on dispositive motions or adverse rulings looming.[1] As such, it remains unclear whether attorneys' fees are appropriately assessed against Plaintiffs as unsuccessful litigants.

Regardless of whether Plaintiffs are unsuccessful, the Court does not find that they acted in bad faith. The Hammervold Defendants argue that filing suit against the Hammervold Defendants was completely baseless and that Plaintiffs had no evidence to support their claims of conspiracy.[2] Plaintiffs assert that their claims were not baseless or groundless.

"To award attorney's fees to Defendants, the Court must find Plaintiffs' suit to be frivolous, groundless, or 'so lacking in arguable merit as to be . . . without foundation.' When making this

---

[1] The Court notes that the Supreme Court of the United States has acknowledged that a defendant can be considered prevailing if the plaintiff's "claim was frivolous, unreasonable, or groundless." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1652 (2016) (quotations omitted). Additionally, a prevailing plaintiff was noted to be one that obtained, either by judgment or settlement, "a material alteration of the legal relationship of the parties." *Id.* at 1646 (quotations omitted). Additionally, although not in the context of the Texas Tort Liability Act, Texas courts have explained that after a voluntary dismissal by the plaintiff, a defendant can only be considered a prevailing party if it "was taken to avoid an unfavorable ruling on the merits." *BBP Sub I LP v. DiTucci*, No. 05-12-1523-CV, 2014 WL 3743669, *4 (Tex. App.—Dallas July 29, 2014, no pet.) (citations omitted); *compare with Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, *2 (N.D. Tex. Jan. 14, 2016) (explaining that "[a] dismissal without prejudice does not satisfy the prevailing party requirement")).

[2] According to the Hammervold Defendants, Plaintiff Blank and other jewelers decided to take proactive steps against Manookian and his cohorts, and as part of his proactive steps, indicated that he was going to instruct his lawyers to "sue that guy" to "have him start spending money." (Dkt. #94, Exhibit 35). Regardless of the intentions for filing suit against the Hammervold Defendants' co-defendants, the inquiry is whether the suit filed against the Hammervold Defendants was baseless.

5

determination, the Court must assess Plaintiffs' claim at the time of filing suit and cannot engage in *post hoc* reasoning." *Obey v. Frisco Med. Ctr. L.L.P.*, No. 4:13-CV-00656, 2015 WL 2148063, at *2 (E.D. Tex. May 2, 2015) (Mazzant, J.) (quoting *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999)) (citing *Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986) (per curiam)). After reviewing the merits of the suit, the Court finds that Plaintiffs' claims consisted of complex legal and factual issues surrounding violations of the RICO Act and civil conspiracy. *See id.* The fact that the Hammervold Defendants disagree with the factual and legal assertions of Plaintiffs' case is not sufficient to support a claim of bad faith. *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 440 (5th Cir. 2012). In this case, the Court previously denied the Hammervold Defendants' "motion to dismiss by finding that Plaintiff ha[s] alleged a sufficient amount of facts in [their] pleadings to state plausible claims for relief." *See Obey*, 2015 WL 2148063, at *2 (citing *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, No. 4:10–CV–4872, 2014 WL 4185742 (S.D. Tex. Aug. 15, 2014) (finding that plaintiff's suit was not frivolous, even though all claims were dismissed on summary judgment, because plaintiff's claims survived two motions to dismiss and required hundreds of pages of briefing)).[3]

However, even when a party is pursuing a meritorious claim or defense, sanctions may be assessed when the party "'abuse[s] . . . the judicial process in the method of prosecution' of that claim or defense." *Moench v. Marquette Transportation Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 595 (5th Cir. 2016) (quoting *Batson*, 805 F.2d at 550). "A party should not be penalized for maintaining an aggressive litigation posture. 'But advocacy simply for the sake of burdening an

---

[3] The Hammervold Defendants argue that this case is distinguishable because the plaintiffs in the *Obey* case provided some evidence, and here, Plaintiffs have not. However, in *Obey* the parties had filed summary judgment briefing, whereas here, the Hammervold Defendants sought leave to file a motion for summary judgment late, which the Court denied. The Court will not now require Plaintiff to respond to a summary judgment-like argument to prove that it did not act in bad faith. Showing that Plaintiffs acted in bad faith is the Hammervold Defendants' burden. As such, the Court does not find this distinguishing fact relevant in this instance.

opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto.'" *Batson*, 805 F.2d at 550 (quoting *Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 181 (D.C. Cir.1980)). After a review of the Hammervold Defendants' briefs, it does not appear that they challenge the "method of prosecution" or that Plaintiffs were burdening the Hammervold Defendants with unnecessary expenditures of time. *Id.* The Hammervold Defendants do not identify any motion filed by Plaintiffs that was duplicative or done for purposes of harassment, but instead focus on the frivolousness of suit. Regardless, the Court finds that Plaintiffs' conduct throughout the course of litigation appropriate. Plaintiffs' motion practice was not duplicative or harassing. The length of time between the filing of suit and the ultimate dismissal was in large part due to the interlocutory appeal and not based on the actions of the Plaintiffs. Thus, this does not rise to the level of proof required to obtain a bad faith finding.[4]

Additionally, the Hammervold Defendants request that the Court amend the final judgment to permit the Court to reassess fees and costs, and subsequently request that the Court reassess the fees and costs based on Plaintiffs' bad faith in this litigation. Because the Court found that the Hammervold Defendants have not sufficiently demonstrated that Plaintiffs acted in bad faith in this litigation, the Court does not fit it appropriate to amend the judgment. Thus, the Court finds the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants Mark Hammervold and Hammervold PLC's Motion to Alter/Amend Order of Dismissal to Reassess Defendants' Costs, Including Defendants' Attorneys' Fees to the Plaintiffs ("Motion to Amend") (Dkt. #90) is hereby **DENIED**, and

---

[4] If the Hammervold Defendants attempt to argue that Plaintiffs' voluntary dismissal suggests that the case was meritless, the Court will not engage in speculation as to the reasons Plaintiffs dismissed their suit.

Defendants Mark Hammervold and Hammervold PLC's Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and Common Law "Bad Faith" Exception to the American Rule ("Motion for Fees") (Dkt. #94) is hereby **DENIED**.

**SIGNED this 20th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE