## IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| MARK HAMMERVOLD | § | |
| | § | |
| **Plaintiff** | § | |
| | § | No. 4:20-CV-00165-ALM |
| v. | § | |
| | § | |
| DIAMONDS DIRECT USA OF | § | |
| DALLAS, LLC; DAVID BLANK; | § | |
| DIAMOND CONSORTIUM, INC. | § | |
| d/b/a THE DIAMOND DOCTOR; and | § | |
| JEWELERS MUTUAL INSURANCE | § | |
| COMPANY | § | |

### CORRECTED[1] DECLARATION OF MARK HAMMERVOLD

Pursuant to 28 U.S.C. §1746, I hereby declare as follows.

1.      My name is Mark Hammervold. I am over the age of twenty-one and I am competent to testify to the facts in this Declaration. The facts in this Declaration are based on my personal knowledge.

2.      I have been a domicile of Illinois and resided in Illinois since October 2015. I have lived in Illinois since I moved to Illinois in October 2015 and since that time I have I intend and still intend to make Illinois my permanent home.

3.      All of the damages I that have alleged in my Complaint (Dkt. 1) have affected me in Illinois, where I live, and have lived since David Blank and Diamond Doctor sued me in September 2016.

4.      In August 2016, I was pursuing litigation against a Jewelers' Mutual insured located in Illinois. I dealt directly with Jewelers' Mutual and ultimately settled the matter directly with them. The claim arose from the sale of an overgraded EGL diamond.

---

[1] This filing has been corrected only to include the Plaintiff's signature block and certificate of service.

5.      Based on my investigation and research into Diamond Doctor, representation of clients adverse to Diamond Doctor, and/or secondhand knowledge I obtained through reviewing discovery materials provided by David Blank and/or Diamond Doctor, it is my understanding that Diamond Doctor would did business on a large scale and completed transactions with residents of many other states outside of Texas. When I was pursuing claims against Diamond Doctor, I believed it would be subject to jurisdiction in states beyond Texas, particularly for non-resident customers to whom Diamond Doctor had shipped jewelry to their home states.

6.      Blank and Diamond Doctor served me with process of the federal lawsuit at my home at the time in Chicago, Illinois.

7.      I accessed a portion of Diamonds Direct's website listings its retail locations in the United States (https://diamondsdirect.com/locations) on May 29, 2020. This website indicates that Diamonds Direct has locations in thirteen different states.

8.      Blank and Diamond Doctor described my conduct at issue in their lawsuit against me as my "willingness and availability to prosecute and acceptance of representation of parties in suits against targeted jewelers is part of Manookian's overall scheme to extort jewelers." While I disagree with Blank and Diamond Doctor characterization as being part of a "scheme [by Manookian] to extort jewelers," my conduct in accepting cases and being available to accept cases would have occurred almost entirely, if not exclusively, in Illinois.

9.      While I consistently refused Diamond Doctor and Blank's demands that I agree to limit my practice by not soliciting or representing future claimants against Diamond Doctor or Diamonds Direct, if I had agreed to their demands, I would have been constrained by these restrictions primarily in Illinois, where I live and practice law.

10.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of June, 2020.


**s/Mark Hammervold**
Mark Hammervold, IL #6320744
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
**mark@hammervoldlaw.com**

*Pro Se Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the original filing (Dkt. 20)

was served upon all counsel of record via the Court's ECF system on June 1, 2020, and that this

corrected filing was served upon all counsel of record via the Court's ECF system on June 1, 2020


*/s/ Mark Hammervold*