# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **MARK HAMMERVOLD,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**DIAMONDS DIRECT USA OF DALLAS, LLC, DAVID BLANK, DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, and JEWELERS MUTUAL INSURANCE COMPANY,**<br><br>      **Defendants.** | Case No.: 4:20-cv-00165-ALM |

## DEFENDANTS DAVID BLANK AND DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR'S REPLY IN SUPPORT OF THEIR 12(B)(6) MOTION TO DISMISS

**CARRIE JOHNSON PHANEUF**
Texas Bar No. 24003790
email: cphaneuf@cobbmartinez.com

**KATHERINE ELRICH**
Texas Bar No. 24007158
email: kelrich@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 (phone)
(214) 220-5299 (fax)

*Attorneys for Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond Doctor*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond Doctor (collectively, "Diamond Doctor") respectfully file this Reply to Plaintiff's Response [Doc. #21] as follows:

## I. OBJECTIONS TO HAMMERVOLD'S EVIDENCE

Diamond Doctor objects to the Declaration of Mark Hammervold [Doc. #20] and Corrected Declaration of Mark Hammervold [Doc. #23] filed in support of his Response to Diamond Doctor's 12(b)(6) Motion to Dismiss. This Court may not go outside the pleadings in ruling on a 12(b)(6) motion. *Rizvi v. JP Chase Bank, N.A.,* No. 3:13-CV-3339-N, 2014 WL 12595656, n.2 (N.D. Tex. April 9, 2014) (citing *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010)). Hammervold's declaration is not within any of the four limited categories a court may consider in deciding a motion to dismiss, and is merely an attempt to circumvent the pleading rules. Diamond Doctor requests this Court disregard this declaration in deciding the motion to dismiss. *Id.* (refusing to consider affidavit attached to plaintiff's response to 12(b)(6) motion).[1]

## II. ARGUMENTS AND AUTHORITIES

**A. Res judicata and collateral estoppel bar Hammervold's malicious prosecution and abuse of process claims.**

This Court has spoken: "the Court finds that Plaintiffs' conduct throughout the course of litigation appropriate."[2] This Court specifically declined to find any bad faith on the part of Diamond Doctor.[3] Based on the same exact allegations as argued in his prior request for a bad

---

[1] Hammervold takes issue with Diamond Doctor's request for judicial notice of this Court's prior filings. *See* Pl.'s Resp. at 6-7. But Diamond Doctor requested the Court take judicial notice of this Court's own files and records in adjudicating prior litigation between these same parties in this very same Court. *See* Mot. to Dismiss at 1-2, 5-6, 13; *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Diamond Doctor is not requesting this Court take judicial notice of the facts contained in the filings in the prior lawsuit for the truth of the matter asserted but that the pleadings and orders exist, were filed with this Court and were referred to throughout Hammervold's Complaint in this lawsuit. As to this Court's findings concerning no bad faith and Diamond Doctor's conduct being appropriate in the litigation, Diamond Doctor requested the Court take judicial notice of the Order in which it made these findings showing Hammervold's claims are barred by res judicata and/or collateral estoppel as explained in section II.A. of this Reply.
[2] Ex. A to Defs.' Mot. at 7.
[3] *Id.* at 5, 7-8.

faith finding in the prior lawsuit before this Court, Hammervold yet again asks this Court to find Diamond Doctor prosecuted its prior lawsuit against Hammervold in bad faith.[4] Hammervold's malicious prosecution and abuse of process claims depend on a finding of bad faith. But this Court has already found that Diamond Doctor's conduct was appropriate. Whether under res judicata or collateral estoppel, Hammervold's claims fail.

1. **Collateral estoppel prevents Hammervold from relitigating the same issue.**

Collateral estoppel precludes Hammervold from relitigating issues already resolved in a prior lawsuit. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex. 1992). Diamond Doctor showed collateral estoppel applied because (1) the issue of bad faith sought to be litigated in the second action was fully and fairly litigated in the first action; (2) the failure to find bad faith was essential to the order denying Hammervold's request for attorney's fees and request for bad faith finding in the first action; and (3) Diamond Doctor was a party in the first action.[5] The only element Hammervold challenges concerning collateral estoppel is that the issue of bad faith was not litigated in the first action because the factual and legal standards used to assess bad faith in the first action are not the same as those used to assess bad faith in this action.[6]

But the issue of bad faith was fully and fairly litigated before this Court, with this Court refusing to find any bad faith existed in Diamond Doctor's prosecution of its claims against Hammervold.[7] Hammervold would have this Court re-examine the issue of bad faith under his malicious prosecution and abuse of process claims based on the preponderance of the evidence standard.[8] But the Court reviewed the conduct throughout the entire litigation and found not only

---

[4] *See* Defs.' Mot. at 6-8 (comparison chart).
[5] *See* Mot. at 16-18; *see* Ex. A at 3-7.
[6] *See* Pl.'s Resp. at 12-17.
[7] *See* Ex. A at 5, 7-8.
[8] *See* Pl.'s Resp. at 12-17.

**DIAMOND DOCTOR DEFENDANTS' REPLY IN SUPPORT OF**
**12(B)(6) MOTION TO DISMISS**                                                                            **Page 2**

that Hammervold did not meet the clear and convincing standard of showing bad faith *but also found* under the clear and convincing standard that Diamond Doctor's "conduct throughout the course of litigation appropriate."[9] Such finding precludes Hammervold's ability of showing bad faith under any standard.

For example, the court in *Ball v. A.O. Smith Corp.* applied collateral estoppel to preclude the re-litigation in a subsequent proceeding to establish non-dischargeability under §523(a) of willful and malicious acts that were previously determined in a ruling on §1927 sanctions. *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69-70 (2nd Cir. 2006). Hammervold argues this case is distinguishable because both parties urged the court to apply collateral estoppel and only disagreed as to the effect of the prior malice findings on the present proceeding.[10] But the court did not rule collateral estoppel applied simply because the parties agreed it applied. *Id.* at 69-71. Rather, the court conducted an analysis of whether collateral estoppel was met. *Id.* Applying Fifth Circuit law, the court held collateral estoppel precluded re-litigation of the malice element required in a §523(a) adversary proceeding (preponderance of the evidence standard) after a district court previously awarded §1927 sanctions in a prior related suit (clear and convincing standard). *Id.*

Likewise, this Court's finding in ruling on a §1927 motion and request for bad faith finding based on a clear and convincing standard that Diamond Doctor's conduct was appropriate throughout the litigation operates to preclude Hammervold from contending otherwise under any standard. Thus, dismissal is warranted.

## 2.   Res judicata prevents Hammervold from relitigating Hammervold's claims.

As to res judicata, Hammervold takes issue with only one of the four elements; namely,

---

[9] *See* Ex. A at 7.
[10] *See* Pls.' Resp. at 17.

Hammervold maintains the same claim was not adjudicated in the prior lawsuit.[11] But Hammervold promulgates too narrow of an approach to determining whether the same claims were involved in the prior lawsuit as in this lawsuit. Texas and the Fifth Circuit apply the transactional test. *Williams v. Whitaker,* No. 4:19-CV-00085-ALM-CAN, 2019 WL 7859563, *4 (E.D. Tex. Oct. 28, 2019), *report and recommendation adopted,* No. 4:19-CV-85, 2019 WL 6768621 (E.D. Tex. Dec. 12, 2019) (Mazzant, J.); *Butler v. Endeavor Air, Inc.,* No. 19-20304, 2020 WL 1061336, *3 (5th Cir. Mar. 4, 2020). Under the transactional test, a prior judgment will have preclusive effect extending to all rights of the plaintiff regarding all or any part of the transaction or series of connected transactions, out of which the original action arose. *Williams,* 2019 WL 7859563, at *4; *Butler,* 2020 WL 1061336, at *3. The key issue is whether the two actions are based on the same nucleus of operative facts. *Williams,* 2019 WL 7859563, at *4; *Butler,* 2020 WL 1061336, at *3. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *U.S. v. Davenport,* 484 F.3d 321, 326 (5th Cir. 2007).

Although Hammervold may not have pled these exact same causes of action in the underlying lawsuit, the same allegations were asserted in his prior motions to dismiss, motions for attorney's fees and costs and request for bad faith finding in the prior lawsuit as are now asserted in Hammervold's Complaint in this case. A quick review of the chart on pages 6 - 8 of Diamond Doctor's Motion to Dismiss illustrates this point. Hammervold's prior pleadings were based on the same nucleus of operative facts as his malicious prosecution and abuse of process claims in this lawsuit, which is sufficient to meet the transactional test. *Davenport,* 484 F.3d at 327.

---

[11] *See* Pl.'s Resp. at 9-11.

The Fifth Circuit affirmed dismissal of a malicious prosecution claim based on res judicata under a similar fact pattern where the court in the prior lawsuit denied a bad-faith finding request after the plaintiff voluntarily dismissed its lawsuit without prejudice. *See, Production Supply Co., Inc. v. Fry Steel, Inc.,* 74 F.3d 76, 78 (5th Cir. 1996). Hammervold attempts to distinguish *Production Supply Co.* because it addressed California's "primary right" test for res judicata.[12] Regardless, the same reasoning applies to Texas's broader transactional test for res judicata theory.[13] While the court focused on whether the harm was the same between the two lawsuits in *Production Supply* regardless of the types of claims or theories of recovery pled, this Court should focus on whether the two actions are based on the same nucleus of operative facts regardless of the types of claims or theories of recovery pled.

Hammervold contorts case authority holding the imposition of Rule 11 sanctions did not preclude a party from later initiating a malicious prosecution or abuse of process claim to suggest that when this Court refused to award sanctions finding no bad faith, such ruling somehow should not preclude Hammervold's additional bite at the apple at a bad faith finding.[14] For example, Hammervold overstates the holding in *Graber v. Fuqua,* which merely held that federal bankruptcy law did not preempt a debtor's malicious prosecution claim in state court. *Graber v. Fuqua,* 279 S.W.3d 608, 610 (Tex. 2009). *Graber* did not address res judicata effects of a prior order denying a request for bad faith finding and a finding the parties acted appropriately on a malicious prosecution claim based on the same conduct. And, in *Alkek & Williams Ltd v. Tuckerbrook Alternative Investments, LP,* the U.S. District Court for the Southern District of Texas declined to enjoin a Connecticut state court from determining an abuse of process and vexatious litigation

---

[12] *See* Pl.s Resp. at 17. Notably, Hammervold raises no argument as to this case's applicability of res judicata, which is the theory principally addressed in *Production Supply.*
[13] *See* Pl.'s Resp. at 17.
[14] *See* Pl.'s Resp. at 8-10.

claim based on the Southern District's denial of a request for Rule 11 sanctions. *Alkek & Williams Ltd v. Tuckerbrook Alternative Investments, LP,* Civ. Action No. H-08-3501, 2012 WL 11060, *3-8 (S.D. Tex. Jan. 3, 2012). The Southern District held that Connecticut should decide issues of collateral estoppel. *Id.* at *6. Moreover, unlike this Court's order specifically finding Diamond Doctor's conduct was appropriate, the order in *Alkek & Williams* simply found insufficient evidence of bad faith. *Id.* at *8.

To further illustrate, Hammervold relies on *Cohen v. Lupo,* 927 F.2d 363 (8th Cir. 1991) to argue that the adjudication of a Rule 11 sanctions motion does not have res judicata effect in a subsequent malicious prosecution case because a malicious prosecution claim is not the same claim as a Rule 11 sanctions request.[15] But in *Cohen,* the court found the award of Rule 11 sanctions was not res judicata as to a subsequently filed malicious prosecution claim because the Rule 11 order did not make certain findings necessary for a malicious prosecution claim. *Id.* at 364-65. Unlike in *Cohen,* this Court actually made a finding that **defeats** a required element of Hammervold's malicious prosecution and abuse of process claim; namely, the Court found Diamond Doctor's conduct was appropriate throughout the course of the litigation.[16]

Next, Hammervold contends that because his malicious prosecution and abuse of process claims are not compulsory counterclaims, res judicata is inapplicable.[17] Focusing on his malicious prosecution claim, Hammervold argues his claim cannot be a compulsory counterclaim because the underlying action must have concluded in Hammervold's favor to maintain a malicious prosecution claim.[18] Hammervold's argument is too narrow. While a compulsory counterclaim is more likely to meet the transactional test, the test is not whether the claim is a compulsory

---

[15] *Id.* at 9-10.
[16] Ex. A to Defs.' Mot. at 7.
[17] *See* Pl.'s Resp. at
[18] Pl.'s Resp. at 11.

counterclaim. The test is whether the two actions are based on the same nucleus of operative facts. As to Hammervold's abuse of process claim, there is no requirement that the underlying action have concluded in Hammervold's favor. *In Matter of Dallas Roadster, Limited,* 846 F.3d at 124.

**B.     Hammervold has failed to plead a special injury.**

Separate and apart from any preclusive effect this Court's prior order has on Hammervold's malicious prosecution and abuse of process claims, Hammervold's claims still fail because he cannot show a special injury. More specifically, Hammervold has not alleged a physical interference with his person or property, such as arrest, attachment, injunction, or sequestration, as is required by Texas law. *Tex. Beef Cattle Co. v. Green,* 921 S.W.2d 203, 209 (Tex. 1996); *Pitts & Collard, L.L.P. v. Schechter,* 369 S.W.3d 301, 332-33 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Hammervold argues the agreed injunction in the separate *Manookian* lawsuit somehow meets the special injury element.[19] But Hammervold only pled such allegation in connection with his abuse of process claim, ***not*** his malicious prosecution claim.[20] Even if he had pled such allegation as to both claims, Hammervold was not a party to that injunction, and Diamond Doctor never sought an injunction against Hammervold.[21] Hammervold contends the agreed injunction between Diamond Doctor and the Manookian Defendants applied to him as someone "in active concert or participation with [the Parties] who receive[s] actual notice of this order by personal service or otherwise."[22] Hammervold's allegation is in no way a showing of an injunction specifically targeted at him. Hammervold merely pleads the incidental effects of an injunction

---

[19] Pl.'s Resp. at 25-27.
[20] *See* Compl. [Doc. #1] at ¶ 148 (e), (f); ¶ 151-161.
[21] *See* Ex. G.
[22] *See* Pl.'s Resp. at 26; Compl. [Doc. #1] at ¶¶ 117, 118.

**DIAMOND DOCTOR DEFENDANTS' REPLY IN SUPPORT OF**
**12(B)(6) MOTION TO DISMISS**                                                                                      **Page 7**

between Diamond Doctor and the Manookian Defendants, which has been expressly rejected by the Texas Supreme Court.[23] *See Tex. Beef Cattle,* 921 S.W.2d at 210.

As for his malicious prosecution claim, the Complaint is completely silent as to any mention of an injunction.[24] Distancing himself from the claimed damages to his professional reputation that harmed his future job prospects alleged in support of his malicious prosecution claim, Hammervold's Response now asserts that his "special injury" is that Diamond Doctor's "malicious filing of the lawsuit and abuse of process were directed towards interfering with Hammervold's person and property and caused an actual interference with Hammervold's property because Defendants succeeded in restricting Hammervold's ability to continue accepting representation of claimants adverse to Diamond Doctor and Blank due to known conflict of interest rules."[25] Hammervold's Complaint simply refers to a "potential conflict" and provides no specificity as to any actual restrictions on Hammervold's practice. *Cf. Columbia Valley Healthcare Sys, L.P. v. Pisharodi,* No. 13-18-00660-CV, 2020 WL 486491, *8 (Tex. App.—Corpus Christi Jan. 30, 2020, no pet.) (plaintiff suffered special injury when his physician admitting privileges were actually suspended due to defendants' peer reviews). Moreover, this is not the type of injury contemplated by Texas law as a "special injury." *See Tex. Beef Cattle,* 921 S.W.2d at 210 ("The mere filing of a lawsuit cannot satisfy the special injury requirement). Hammervold failed to allege any physical interference with his person or property in the form of an arrest, attachment, injunction, or sequestration, which is required for a special injury. *Id.* This Court should dismiss.

**C.     Illinois law does not govern Hammervold's damages.**

In an effort to circumvent Texas law on the damages element of his claims, Hammervold

---

[23] *See* Compl. [Doc. #1] at ¶ 148 (e), (f).
[24] *See* Compl. [Doc. #1] at ¶¶ 153-161.
[25] *See* Pl.'s Resp. at 27.

suggests Illinois law applies to the special injury element of his malicious prosecution claim.[26] Hammervold's Complaint makes no mention of Illinois law applying to his abuse of process damages and no choice of law analysis need be applied to the abuse of process claim.[27] Regardless, Illinois law is inapplicable to any element of either claim, including damages.

Hammervold argues Illinois law must apply to his "special injury" or "special damages" because he is allegedly domiciled in Illinois.[28] No other allegations exist in the complaint which would show any other connection to Illinois.[29] In fact, Hammervold was practicing law in Tennessee at the time the underlying lawsuits were prosecuted, including at the time he filed his post-dismissal motion for attorney's fees and costs.[30] The underlying lawsuits were filed in Texas federal court. RESTATEMENT (SECOND) OF CONFLICTS LAW §155 (Malicious prosecution and abuse of process claims are determined by the law of the state where the proceeding complained of occurred). The judgment and orders in the prior lawsuits, which operate to preclude Hammervold's claims in this lawsuit, were all from this federal court in Texas and were decided under Fifth Circuit precedent, as well as Texas, not Illinois law. This Court must turn to Texas law to determine res judicata and collateral estoppel. *Semtek Int'l, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). While plaintiff's domicile is an important factor in considering compensatory damages, "Texas, as the forum state, also has a significant interest in protecting resident defendants…." *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 830 (Tex. 2000) (plaintiff's domicile did not override other factors in favor of applying Texas law to damages). Texas law has the most significant relationship to all elements of Hammervold's claim for malicious prosecution.

---

[26] *See* Pl.'s Resp. at 18-22; Compl. [Doc. #1] at ¶¶ 157(a), 158(a).
[27] *See* Compl. [Doc. #1] at ¶¶ 144-152.
[28] *Id.* at 19.
[29] *See* Compl at 1-38. Although Hammervold filed a Declaration in an attempt to fill in the gaps for his lack of allegations, the Declaration may not be considered as explained in section I of this Reply.
[30] *See* Ex. D at 11 (Hammervold's signature block at the end of his pleading indicates a Tennessee address); *see also* Ex. E at 11 (same).

**D. The underlying lawsuit was not terminated in Hammervold's favor.**

As an additional independent reason Hammervold's malicious prosecution claim fails, Hammervold cannot show the prior lawsuit was terminated in Hammervold's favor. *See Tex. Beef Cattle Co.,* 921 S.W.2d at 207-08. Diamond Doctor voluntarily dismissed their lawsuit against Hammervold.[31] A voluntary dismissal is not a favorable termination of an underlying lawsuit for a malicious prosecution claim. *See John M. Crawley, L.L.C. v. Trans-Net, Inc.,* No. 09-20882, 394 F. App'x 76, 78 (5th Cir. Aug. 31, 2010). In an attempt to claim an exception to this rule, Hammervold speculates that Diamond Doctor dismissed because there were "effectively-dispositive pending motions in limine," and "Hammervold was likely to obtain a directed verdict in his favor."[32] But such speculative allegation does not warrant applying the exception. A motion in limine is not even a dispositive motion. *See DSC Communications Corp. v. Next Level Communications,* 929 F. Supp. 239, n. 5 (E.D. Tex. 1996). And, there was no motion for directed verdict on file prior to the notice of voluntary dismissal – just the possibility one might be filed.[33] This Court recognized there was no clear successful and unsuccessful litigant and no adverse rulings on dispositive motions or adverse rulings pending.[34] Because Hammervold cannot show he was the prevailing party, Hammervold has failed to state a malicious prosecution claim.

### III. CONCLUSION

For these reasons and all the reasons set forth in the 12(b)(6) Motion to Dismiss,[35] Diamond Doctor respectfully re-urges the request that the Court grant the Motion to Dismiss, and dismiss Hammervold's claims with prejudice.

---

[31] *See* Exs. B & C.
[32] *See* Pl.'s Resp. at 29 (quoting Compl., Doc. #1, ¶ 142).
[33] *See* Pl.'s Resp. at 29 (quoting Compl., Doc. #1, ¶ 142).
[34] *See* Ex. A at 5 (emphasis added).
[35] Diamond Doctor relies on the arguments set forth in the 12(b)(6) Motion to Dismiss for Hammervold's arguments on lack of specificity of damages and conspiracy claim failure.

Respectfully Submitted,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 Telephone
(214) 220-5299 Facsimile

By: /s/ *Carrie J. Phaneuf*
**CARRIE JOHNSON PHANEUF**
Texas Bar No. 24003790
email: cphaneuf@cobbmartinez.com

**KATHERINE ELRICH**
Texas Bar No. 24007158
email: kelrich@cobbmartinez.com

**ATTORNEYS FOR DEFENDANTS DAVID BLANK, AND DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2020, a true and correct copy of the foregoing was filed and served electronically upon all counsel of record.

*/s/ Carrie J. Phaneuf*
Carrie Johnson Phaneuf