UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARK HAMMERVOLD, <br><br>*Plaintiff,*<br><br>v.<br><br>DIAMONDS DIRECT USA OF DALLAS, LLC, DAVID BLANK, DIAMOND CONSORTIUM, INC. d/b/a THE DIAMOND DOCTOR, and JEWELERS MUTUAL INSURANCE COMPANY,<br><br>*Defendants.* | § § § § § § § § § § § § § § CASE NO. 4:20-cv-00165 |

## JOINT CONFERENCE REPORT

Plaintiff Mark Hammervold ("Hammervold") and Defendants Diamonds Direct USA of Dallas, LLC ("Diamonds Direct"), David Blank ("Blank"), Diamond Consortium, Inc. d/b/a The Diamond Doctor ("Diamond Doctor") and Jewelers Mutual Insurance Company ("Jewelers Mutual") file their Joint Conference Report and state:

## THE 26(F) CONFERENCE

Counsel for the Parties, including *pro se* Plaintiff Mark Hammervold, conducted a telephonic Rule 26(f) Conference on May 21, 2020, during which they discussed all of the matters set forth in the Court's May 7, 2020, Order Governing Proceedings [Dkt. No. 14.]

## MATTERS REQUIRED TO BE INCLUDED IN THE JOINT REPORT

1. **Brief Factual and Legal Synopsis:** Hammervold was a defendant in two related cases previously pending in this Court – *Diamond Doctor, et al. v. Manookian* and *Diamond Doctor, et al. v. Hammervold*. Current defendants Diamond Doctor and Blank were the plaintiffs in those lawsuits. Diamond Doctor and Blank alleged causes of action against Hammervold and four other defendants (Brian Manookian, Brian Cummings, Cummings Manookian, PLC, and

Hammervold, PLC) for violation of the RICO Act and civil conspiracy, as well as eight causes of action that were pleaded against the Manookian defendants but not the Hammervold defendants. Diamond Doctor and Blank settled their claims against the Manookian defendants, and dismissed their claims against the Hammervold defendants. Neither Jewelers Mutual nor Diamonds Direct was a party to that litigation.

In this lawsuit, Hammervold alleges that all Defendants engaged in "**abuse of process**" or a conspiracy to abuse process in *Diamond Doctor v. Manookian, et al.* and *Diamond Doctor v. Hammervold, et al.*, as part of a broader 'plan of attack' to collaterally defend and/or seal-off Manookian and Hammervold from soliciting or pursuing meritorious diamond overgrading claims against Blank, Diamond Doctor, and Diamonds Direct, and/or to embarrass, intimidate, invalidate, and/or discredit Hammervold. Hammervold further alleges that all Defendants *other than* Diamonds Direct engaged in "**malicious prosecution**" or a conspiracy to maliciously prosecute in *Diamond Doctor v. Manookian, et al.* and *Diamond Doctor v. Hammervold, et al.,* and alleges that those Defendants sued and prosecuted Hammervold without "probable cause" and acted with malice in doing so. Defendants deny these allegations and contend that Hammervold's claims lack factual and legal merit. Diamonds Direct, Diamond Doctor, Blank, and Jewelers Mutual have filed Rule 12(b)(6) motions to dismiss, which are pending and ripe for determination.

2. **Jurisdictional Basis:**  Diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Illinois, no Defendant is a resident of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs. No party contests subject-matter jurisdiction.

3. **Names of Parties / Potential Parties:**  The Parties are correctly named. The Parties do not anticipate any additional or potential parties at this time.

4. **Related Pending Cases:**  There are no cases related to this case *pending* in any state or federal court. As discussed above, this case arises out of two cases *previously pending* in this Court.

5. **Initial Disclosures:**  The Parties have exchanged Initial Disclosures required by Rule 26(a)(1) and by the Court.

6. **Proposed Scheduling Order:**  The Parties propose the following deadlines. Except as noted below, these dates correspond with the standard dates set forth in Appendix 1 to the Order Governing Proceedings:

| Date | Event |
| --- | --- |
| July 3, 2020 | Deadline for motions to transfer |
| August 7, 2020 | Deadline to add parties |
| January 31, 2021 | Mediation must occur by this date[1] |
| September 4, 2020 | Disclosure of expert testimony on issues for which the party bears the burden of proof |
| September 18, 2020 | Deadline for Plaintiff to file amended pleadings (a motion for leave to amend is required) |
| October 2, 2020 | Disclosure of expert testimony on issues for which the party does not bear the burden of proof |
| October 2, 2020 | Deadline for Defendants' final amended pleadings (a motion for leave to amend is required) |
| Six weeks after disclosure is made | Deadline to object to any other party's expert witnesses |
| October 2, 2020 | Deadline for motions for summary judgment, motions to dismiss, or other dispositive motions |
| January 15, 2021 | All discovery shall be commenced in time to be completed by this date[2] |
| February 18, 2021 | Notice of intent to offer certified records |
| February 18, 2021 | Counsel and unrepresented parties to contact each other to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form |
| February 25, 2021 | Video deposition designations due |
| March 1, 2021 | Motions in limine due |
| March 1, 2021 | Joint Final Pretrial Order due |
| March 7, 202 | Responses to motions in limine due |

---

[1] See discussion in Paragraph 8 below regarding the rationale behind the mediation deadline.

[2] This is approximately one month later than the standard date (December 11, 2020). The Parties anticipate that travel restrictions relating to the COVID-19 pandemic, as well as the fact that Plaintiff and counsel for one of Defendants are expectant parents with due dates in early fall, may necessitate slight delays in discovery.

| | |
|---|---|
| March 18, 2021 | File objections to witnesses, deposition extracts, and exhibits listed in pre-trial order |

7. **Discovery Issues:**

   (i) **Hammervold anticipates** taking discovery from Defendants and potentially certain third parties regarding Defendants' involvement in the EGL scam, Diamonds Direct's retainer agreement with Manookian, Diamond Doctor's attempted retainer agreement with Manookian, Defendants' negotiations and agreements with Brian Manookian to not disparage or represent claimants against Diamond Doctor or Diamonds Direct, Blank, Diamond Doctor, and/or Jewelers' Mutual's probable cause for suing Hammervold, the reasons Blank and Diamond Doctor sued Hammervold, the reasons the Blank and Diamond Doctor dropped their lawsuit against Hammervold on the eve of trial, the Blank and Diamond Doctor's settlement with Manookian, Defendants' demands that Hammervold agree not to disparage, solicit for, or represent claimants against them, Diamonds Direct's acquisition of Diamond Doctor, Diamonds Direct's solicitation of and/or involvement in Diamond Doctor's efforts to seal Hammervold off from representing any future claimants against Diamonds Direct, Jewelers Mutual and Diamonds Direct's involvement in the alleged conspiracy to alleged abuses of process, and Jewelers Mutual's funding of the prosecution of affirmative claims against Hammervold.

   **Defendants anticipate** taking discovery from Plaintiff and potentially certain third parties regarding the merits of the underlying claims against Hammervold and the good faith basis in which they were asserted.

Diamonds Direct in particular anticipates taking discovery from Hammervold regarding the good-faith basis for his allegation that Diamonds Direct controlled any aspect of the litigation and/or the settlement strategy in *Diamond Doctor v. Manookian, et al.* and *Diamond Doctor v. Hammervold, et al.*

(ii) The Parties do not anticipate any unusual issues relating to the disclosure or discovery of ESI.

(iii) The Parties have not made any agreements regarding asserting claims of privilege or preserving discoverable information, but neither do they have any disputes in this regard. With respect to the need for a protective order, see Paragraph 13 below.

(iv) The Parties do not believe any changes to the limitations on discovery imposed by the federal and local rules are necessary.

(v) Regarding the need for a protective order, see Paragraph 13 below.

8. **Settlement and Mediation:** Plaintiff has exchanged settlement offers with each Defendant. None were accepted. Defendants Blank and Diamond Doctor have made an offer of settlement. The Parties have not agreed on a mediator, but anticipate that they will be able to do so without the need for intervention by the Court. The Parties proposed a mediation deadline of January 31, 2021. The Parties are mindful of the Court's encouragement of an early mediation date. However, in light of the current COVID-19 related travel restrictions and the fact that Mr. Hammervold and counsel for Jewelers Mutual are expectant parents, with due dates in September and October, and Defendants' preference for in-person rather than telephonic or remote mediation, the Parties desire additional flexibility in scheduling mediation. During the 26(f) conference, the

Parties discussed the possibility of an early telephonic mediation in addition to a later, in-person mediation. No agreement was reached in that regard.

9. **Identity of Persons to be Deposed:** Plaintiff anticipates deposing David Blank, Corporate Representative of Diamond Doctor, Brian Manookian, Itay Berger, Amit Berger, Corporate Representative of Diamonds Direct, John Ganga, Corporate Representative of Jewelers Mutual, Michael Newman, Don Godwin, Randy Johnston, Braden Wayne, and Nicole Becker. Some or all Defendants anticipate deposing Plaintiff and Brian Manookian, Brian Cummings, Howard Solomon, Ronald Mervis, Clarence Jame (CJ) Gideon Jr, Esq., David Fuller, Robert James, Alex Long, Bruce Steckler, Randy Johnston, Braden Wayne, Howard Klatsky, Amit Berger, Itay Berger, Kelly Lo, and/or Alan Shor.

10. **Estimated Length of Trial:** One week. Plaintiff has demanded a jury.

11. **Attorneys Appearing at Management Conference:**

    Plaintiff – *pro se* Plaintiff Mark Hammervold[3]

    Diamonds Direct – John M. Barcus

    Diamond Doctor and David Blank - Carrie Johnson Phaneuf and Katherine Elrich

    Jewelers Mutual - Shawn Phelan and Tommy Horan

12. **Trial Before Magistrate Judge:** One or more of the Parties does not consent to trial before a magistrate judge.

13. **Other Issues:** A significant amount of discovery was taken from the parties and several non-parties in *Diamond Doctor v. Manookian, et al.* and *Diamond Doctor v. Hammervold, et al.* A substantial part of the document production and deposition testimony was designated confidential under the terms of protective orders entered in those cases. The Parties wish to have

---

[3] On May 12, 2020, Mark Hammervold has filed an unopposed motion (Dkt. 16) for leave to appear telephonically or through other remote means preferred by the Court. The Court has not yet addressed the motion.

access to and potentially utilize the discovery taken in the prior matter to potentially reduce the cost and expense of discovery in this action; additionally, in light of Hammervold's "abuse of process" and "malicious prosecution" allegations, the fact of the discovery may itself be evidence in support of or in rebuttal to Hammervold's claims. The Parties are working to obtain permission from non-parties who designated their discovery responses confidential in those cases to have access to and potentially use those discovery responses in this case despite the confidential designation, and anticipate filing a motion asking this Court to grant relief from the protective order entered in the prior litigation (if necessary), enter a protective order governing the access to and potential use of that information as well as certain information the Parties anticipate exchanging during the discovery process.

Respectfully submitted,

/s/ *Mark Hammervold*
Mark Hammervold
mark@hammervoldlaw.com
HAMMERVOLD LAW
155 S. Lawndale Ave.
Elmhurst, IL  60126
Telephone:  (405) 509-0372
Fax:  (615) 928-2264

*PRO SE*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *John M. Barcus*
John M. Barcus
Texas Bar No. 24036185
john.barcus@ogletreedeakins.com
Jeffrey T. Leslie
Texas Bar No. 24091294
jeff.leslie@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT DIAMONDS DIRECT USA OF DALLAS, LLC**


**COBB MARTINEZ WOODWARD PLLC**

*/s/ Carrie Johnson Phaneuf*
Carrie Johnson Phaneuf
Texas Bar No. 24003790
cphaneuf@cobbmartinez.com
Katherine Elrich
Texas Bar No. 24007158
kelrich@cobbmartinez.com
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
Telephone: (214) 220-5206
Fax: (214) 220-5256

**ATTORNEYS FOR DEFENDANTS DAVID BLANK AND DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR**

**THOMPSON COE, COUSINS & IRONS, LLP**

*/s/ Shawn W. Phelan*
Shawn W. Phelan
Texas Bar No. 00784758
sphelan@thompsoncoe.com
Thomas M. Horan, II
Texas Bar No. 24063938
thoran@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEY FOR DEFENDANT JEWELERS MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The foregoing instrument was filed using the Court's CM/ECF system on June 11, 2020, which will transmit a copy to all counsel of record.

/s/ *John M. Barcus*
John M. Barcus