IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK HAMMERVOLD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DIAMONDS DIRECT USA OF DALLAS, | § | Case No. 4:20-cv-165 |
| LLC, DAVID BLANK, DIAMOND | § | |
| CONSORTIUM, INC. D/B/A THE | § | |
| DIAMOND DOCTOR, AND JEWELERS | § | |
| MUTUAL INSURANCE COMPANY, | § | |
| Defendants. | § | |

**JEWELERS MUTUAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Jewelers Mutual Insurance Company ("Jewelers Mutual") files it Reply in Support of its

12(B)(6) Motion to Dismiss and states as follows:

**A. Res Judicata Applies**.

Hammervold concedes three out of the four elements for res judicata. Accordingly, it is

undisputed that Jewelers Mutual is in privity with Diamond Doctor so the Court's prior holdings

are applicable to Jewelers Mutual's claims for res judicata. Hammervold's only argument is

whether the same claim was adjudicated in the prior lawsuit and he argues that the denial of a post-

judgment motion on attorney's fees does not equate to an adjudication of a malicious prosecution

or abuse of process claim. Hammerovld attempts to bootstrap the argument that denial of a motion

for attorney's fees is analogous to the denial of a Rule 11 motion for sanctions not barring a

subsequent action for malicious prosecution. This is a bridge too far.  In support, Hammervold

cites three cases - *Graber v. Fuqua*, 279 S.W.3d 608, 610 (Tex. 2009); *Alkek & Williams Ltd v.*

*Tuckerbrook Alternative Investments, LP*, Civ. Action No. H-08-3501, 2012 WL 11060, *3-8 (S.D.

1

Tex. Jan. 3, 2012); and *Cohen v. Lupo*, 927 F.2d 363 (8th Cir. 1991). Diamond Doctor did a thorough analysis as to why those cases are distinguishable from the matter at hand in its reply to Hammervold's response to Diamond Doctor's motion to dismiss, and Jewelers Mutual adopts and incorporates those arguments herein by reference.[1]

Under the transactional test, which Hammervold acknowledges applies, a prior judgment will have preclusive effect extending to all rights of the plaintiff regarding all or any part of the transaction or series of connected transactions, out of which the original action arose. *See Williams v. Whitaker*, No. 4:19-CV-00085-ALM-CAN, 2019 WL 7859563, *4 (E.D. Tex. Oct. 28, 2019), report and recommendation adopted, No. 4:19-CV-85, 2019 WL 6768621 (E.D. Tex. Dec. 12, 2019) (Mazzant, J.); *Butler v. Endeavor Air, Inc.*, No. 19-20304, 2020 WL 1061336, *3 (5th Cir. Mar. 4, 2020). The key issue is whether the two actions are based on the same nucleus of operative facts. *Williams*, 2019 WL 7859563, at *4; *Butler*, 2020 WL 1061336, at *3.

Hammervold takes a narrow view that unless the *exact* claims are plead in both actions, res judicata does not apply. However, the fact that Hammervold did not plead malicious prosecution or abuse of process in the underlying lawsuit is not dispositive. A cursory review of Hammervold's prior motions to dismiss, motions for attorney's fees and costs and request for bad faith finding in the prior lawsuit reveals that his claims in this case are based on the same nucleus of operative facts.[2] This is sufficient to meet the transactional test. *U.S. v. Davenport*, 484 F.3d 321, 327 (5th Cir. 2007).

---

[1] Document 25, Diamond Doctor Defendants' Reply in Support of 12(b)(6) Motion to Dismiss, pp. 5-6.

[2] *Compare* Hammervold's Complaint. [Document. 1] in this lawsuit with Defendants Mark Hammervold and Hammervold PLC's Motion to Alter/Amend Order of Dismissal to Reassess Defendants' Costs, Including Defendants' Attorneys' Fees to the Plaintiffs [Document 90 in *Diamond Consortium, Inc. and David Blank v. Mark Hammervold and Hammervold, PLC*, No. 4:17-CV-452] and Defendants Mark Hammervold and Hammervold PLC's Motion for Attorneys Fees and Costs Pursuant to 28 U.S.C. § 1927 and Common Law "Bad Faith" Exception to the American Rule Plaintiffs [Document 94 in *Diamond Consortium, Inc. and David Blank v. Mark Hammervold and Hammervold, PLC*, No. 4:17-CV-452]; Defendant Mark Hammervold and Hammervold, PLC's Amended Mot.

Finally, Hammervold contends that because his malicious prosecution and abuse of process claims are not compulsory counterclaims, res judicata is inapplicable. Focusing on his malicious prosecution claim, Hammervold argues his claim cannot be a compulsory counterclaim because the underlying action must have concluded in Hammervold's favor to maintain a malicious prosecution claim. Again, Hammervold's argument misses the mark. While a compulsory counterclaim is more likely to meet the transactional test, the test is not whether the claim is a compulsory counterclaim. The test is whether the two actions are based on the same nucleus of operative facts which is the case here.

**B. Collateral Estoppel Bars Hammervold's Claims.**

Like res judicata, the only element Hammervold challenges concerning collateral estoppel is that the issue of bad faith was not litigated in the first action. Again, the issue of bad faith was fully and fairly litigated before this Court, with this Court refusing to find any bad faith existed in Diamond Doctor's prosecution of its claims against Hammervold. Hammervold argues that collateral estoppel is inapplicable because the factual issues and legal standards used to assess the issues are different. However, as pointed out above, both the facts allegedly supporting his motion for sanctions and attorney's fees and the alleged facts supporting his present Complaint are based on the same nucleus of operative facts. Further, this Court already examined the issue of bad faith using a clear and convincing standard and found that that Hammervold did not meet the clear and convincing standard of showing bad faith. The Court also found under that same standard that Diamond Doctor's "conduct throughout the course of litigation appropriate." Since any liability on the part of Jewelers Mutual is derivative and it is undisputed that Jewelers Mutual is in privity

---

to Dismiss Plaintiffs [Document 137 in *Diamond Consortium, Inc. and David Blank v. Mark Hammervold and Hammervold, PLC*, No. 4:17-CV-452].

8129338v1
12268.002

with Diamond Doctor, the Court's prior holdings are applicable to Jewelers Mutual's claims for collateral estoppel. It is non-sensical that Hammervold now argues that the Court is now precluded from applying collateral estoppel because the lower standard, preponderance of evidence, would apply to the Complaint.

For example, the court in *Ball v. A.O. Smith Corp.* applied collateral estoppel to preclude the re-litigation in a subsequent proceeding to establish non-dischargeability under §523(a) of willful and malicious acts that were previously determined in a ruling on §1927 sanctions. *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69-70 (2nd Cir. 2006). Applying Fifth Circuit law, the court held collateral estoppel precluded re-litigation of the malice element required in a §523(a) adversary proceeding (preponderance of the evidence standard) after a district court previously awarded §1927 sanctions in a prior related suit (clear and convincing standard). *Id.*

Likewise, this Court's finding in ruling on a §1927 motion and request for bad faith finding based on a clear and convincing standard that Diamond Doctor's conduct (any by extension Jewelers Mutual taking Hammervold's allegations as true) was appropriate throughout the litigation operates to preclude Hammervold from contending otherwise under any standard.

### C. Hammervold Failed to State a Claim for Abuse of Process.

In his response to Jewelers Mutual's argument that he failed to state a claim for abuse of process, Hammervold apparently concedes that his filing of the lawsuit and the agreed injunction against the Manookian defendants do not support his claim as he fails to address those arguments in his response and only takes issue with the alleged illegal settlement attempts.

Hammervold, however, overlooks the fact that he attached evidence to his Complaint in which he acknowledged to Diamond Doctor's then-counsel, Don Godwin, that Diamond Doctor was not doing anything illegal by *asking* him to *consider* a pre-litigation settlement in which he

8129338v1
12268.002

agreed not to represent future claimants against Diamond Doctor.[3]  Further, a settlement agreement is not even a use of legal process, much less an abuse of process. Hammervold argues that a settlement offer can be the basis of an abuse of process claim, but in support he cites a case from the 6th Circuit that relies on a case from Michigan state court. Hammervold cites no cases from the 5th Circuit or Texas state court supporting his position, presumably because none exist. Indeed, cases which address settlement in the context of an abuse of process claim undermine his position.

In *Detenbeck v Koester*, the plaintiffs alleged that the defendants instituted a malpractice suit without probable cause and with the malicious intent of coercing a settlement. *Detenbeck v Koester*, 886 S.W.2d 477 (Tex. App. - Houston [1st Dist.]1994). The Houston Court of Appeals concluded that the plaintiffs' pleadings were defective because they did not allege an improper use of the process since the only process involved in this case was the citation issued when the cause was filed. *Id.* at 481. The court noted that the citation was used only for its intended purpose which was to compel an answer to the lawsuit. *Id.*  The court went on to hold that even if the defendants attempted to coerce a settlement, that was not an attempt to obtain a collateral advantage not properly involved in the proceeding itself since the purpose of every lawsuit is to obtain either a settlement or a judgment. *Id.*

Just like in *Detenbeck,* the only issuance of process was Hammervold's filing of the petition which cannot form the basis of his abuse of process claim. Further, even if the allegations are true about the settlement discussions, those discussions do not amount to an illegal use of process and Hammervold's abuse of process claim should be dismissed.

**D.  The Abuse of Process Claim is Barred by Limitations.**

---

[3] *Complaint (*Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), Document 1-16

Despite Jewelers Mutual's citation of numerous authorities related to the accrual of an abuse of process claim, Hammervold cites no cases examining when the cause of action for abuse of process accrues. Instead, Hammervold claims the continuing tort doctrine applies since Defendants' abuse of process "was ongoing and remained continuous until Blank and Diamond Doctor dismissed the lawsuit against Hammervold on February 28, 2019."[4] Hammervold, however, cites no case law that abuse of process is a continuous tort, likely because process can only be issued once. Regardless, Hammervold's contention that an abuse of process claims accrues upon dismissal of the action is in direct contradiction to Fifth Circuit authority. *See Gatheright v. Clark*, 680 F. App'x 297, 302 (5th Cir. 2017). Finally, the dates associated with Hammervold's allegations supporting his abuse of process claims are readily ascertainable from his pleading and the latest date of any of those allegations was August 16, 2017.[5] Accordingly, Hammervold had until August 16, 2019 to pursue his abuse of process claim related to the injunction. Hammervold did not file suit until February 27, 2020, so his abuse of process claims are barred.

### E.  The Prior Lawsuit Did Not Terminate in Hammervold's Favor

Diamond Doctor voluntarily nonsuited its claims against Hammervold. Hammervold relies on language in *McCall v. Tana Oil & Gas Corp.,* which suggests that under certain circumstances a voluntary non-suit might satisfy the favorable-termination element of a malicious prosecution claim. *See McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 350 (Tex. App.—Austin 2001), *rev'd in part on other grounds*, 104 S.W.3d 80 (Tex. 2003). Hammervold claims that such circumstances are present because his "dispositive motions in limine were likely to be granted" and he was "likely

---

[4] *Hammervold's Response* (Document 24) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), p. 15.
[5] Jewelers Mutual's Motion to Dismiss (Document 17), p. 15.

8129338v1
12268.002

to obtain a directed verdict."[6] Hammervold engages in pure speculation and neither of his allegations fall within the exception mentioned by the *McCall* court. Further, a motion in limine is not a dispositive motion and Hammervold did not file a motion for directed verdict as this matter never proceeded to trial. *See DSC Communications Corp. v. Next Level Communications,* 929 F. Supp. 239, n. 5 (E.D. Tex. 1996). Hammervold also strangely ignores the fact that this Court already noted that there was no clear successful and unsuccessful litigant and no adverse rulings on dispositive motions or adverse rulings pending.[7] Accordingly, Hammervold cannot show he is a prevailing party and dismissal of his malicious prosecution claim is warranted.

### F.  Hammervold Has Not Pled a Special Injury.

Under applicable Texas law applies as argued below, Hammervold *must* allege a physical interference with his person or property, such as arrest, attachment, injunction, or sequestration. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 209 (Tex. 1996); *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 332-33 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Hammervold continues to claim that the agreed injunction against the Manookian defendants enjoined him as well. But Hammervold was not a party to that injunction and Diamond Doctor never sought an injunction against Hammervold. To avoid this hurdle, Hammervold claims he was contemplated under the injunction as someone "in active concert or participation with [the Parties] who receive[s] actual notice of this order by personal service or otherwise." This argument strains all credulity as there is no indication that Hammervold was targeted under that injunction. At most, Hammervold pleads the incidental effects of an injunction between Diamond Doctor and

---

[6] *Hammervold's Response* (Document 24) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), p. 18.
[7] Exhibit A, to Jewelers Mutual's Motion to Dismiss (Document 17), this Court's Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452

the Manookian Defendants, which has been expressly rejected by the Texas Supreme Court. *See Tex. Beef Cattle,* 921 S.W.2d at 210.

Regarding the malicious prosecution claim, Hammervold asserts that the Defendants "caused an actual interference with Hammervold's property because Defendants succeeded in restricting Hammervold's ability to continue accepting representation of claimants adverse to Diamond Doctor and Blank due to known conflict of interest rules." There are no factual allegations supporting any actual restrictions on Hammervold's practice and just saying he suffered special injury is not enough to make it so or enough to survive a motion to dismiss. Hammervold has yet to allege any cognizable claim for physical interference with his person or property in the form of an arrest, attachment, injunction, or sequestration, which is required for a special injury. Accordingly, his claims for both abuse of process and malicious prosecution fail as a matter of law.

### G.  Hammervold Failed to State a Claim for Conspiracy.

Hammervold claims in his response that he has sufficiently plead both the "meeting of the minds" and "overt act" elements of civil conspiracy. Regarding the "meeting of the minds," the Texas Supreme Court held in 2017 that "an actionable civil conspiracy exists ***only as to those parties who are aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement.*** *First United Pentecostal Church of Beaumont v. Parker,* 514 S.W.3d 214, 222 (Tex. 2017) (emphasis supplied). When a plaintiff fails to allege that the defendant was aware of the intended harm "at the outset of the combination or agreement," the claim is subject to dismissal. *See, e.g., Ferguson v. Dunn,* No. 1:16-CV-00272, 2018 WL 2656990, at *24 (E.D. Tex. April 27, 2018) (Hawthorn, Mag. J.).

8

Hammervold fails to address the holding in *Parker* in his Response, and instead cites a case involving criminal conspiracy with a completely inapposite fact pattern. *United States v. Ashley,* 555 F.2d 462, 467-468 (5th Cir. 1977). In response to his failure to allege an unlawful, overt act, Hammervold argues that the element is satisfied since he plead abuse of process. However, as explained above, Hammervold has failed to sufficiently plead a cause of action for abuse of process. Again, the complained of settlement is not an unlawful or illegal act. The issuance of the lawsuit cannot form the basis of an abuse of process claim and neither can the agreed injunction which was entered in a lawsuit to which he was not a party. None of those activities support an abuse of process claim or a conspiracy claim.

### H.  Texas Law Applies, Not Illinois.

At the outset, Jewelers Mutual objects to Hammervold's Declaration [Doc.#20] and Corrected Declaration [Doc. #23] and requests that the Court disregard the declarations in its consideration of Jewelers Mutual's motion to dismiss. The Declarations should not be considered by this Court as they are outside of the pleadings or the limited category of documents the Court may consider in ruling on a 12(b)(6) motion. *See Rizvi v. JP Chase Bank, N.A.*, No. 3:13-CV-3339-N, 2014 WL 12595656, n.2 (N.D. Tex. April 9, 2014) (citing *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

Hammervold continues to claim that Illinois law applies in this dispute, ***but*** only regarding his claims for the special injury element of his malicious prosecution claim.  At no other point in his motion does Hammervold rely on Illinois law in defense of his claims. Regardless, Illinois law does not apply. The entirety of Hammervold's argument is that Illinois law applies because that is where he lives. First, the complaint is silent as to any allegations showing a connection to Illinois.[8]

---

[8] *Complaint (*Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020)

8129338v1
12268.002

Although Hammervold filed a self-serving affidavit stating that he is domiciled in Illinois, the Court cannot consider that affidavit as explained above. Accordingly, it is undisputed that at the time of the underlying litigation which gave rise to the instant litigation Hammervold was practicing law in Tennessee[9] and the underlying litigation was filed in Texas federal court. Under the facts, Texas law applies. *See* RESTATEMENT (SECOND) OF CONFLICTS LAW §155 (Malicious prosecution and abuse of process claims are determined by the law of the state where the proceeding complained of occurred).

Second, this Court must turn to Texas law to determine res judicata and collateral estoppel. *Semtek Int'l, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). While plaintiff's domicile is an important factor in considering compensatory damages, "Texas, as the forum state, also has a significant interest in protecting resident defendants…." *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 830 (Tex. 2000) (plaintiff's domicile did not override other factors in favor of applying Texas law to damages). Texas law has the most significant relationship to all elements of Hammervold's claim for malicious prosecution.

### PRAYER & CONCLUSION

For the reasons set forth above, Jewelers Mutual requests that the Court grant its motion to dismiss, that Hammervold's claims against Jewelers Mutual be dismissed with prejudice and that the Court grants such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

---

[9] *See* Hammervold's signature block in *Diamond Consortium, Inc. v. Brian Manookian et al,* 4:16-cv-94 (E.D. Tex. Feb. 3, 2016) and *Diamond Consortium, Inc. et al v. Mark Hammervold et al,* 4:17-cv-452 (E.D. Tex. June 27, 2017)

8129338v1
12268.002

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Shawn W. Phelan*
     Shawn W. Phelan
     sphelan@thompsoncoe.com
     State Bar No. 00784758
     Thomas M. Horan II
     State Bar No. 24063938
     thoran@thompsoncoe.com
     THOMPSON, COE, COUSINS & IRONS, L.L.P.
     700 N. Pearl Street, 25th Floor
     Dallas, Texas 75201
     Telephone: (214) 871-8200
     Facsimile: (214) 871-8209

**COUNSEL FOR JEWELERS MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2020, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification to such users that are registered as e-filers with that system.

*/s/ Shawn W. Phelan*
Shawn W. Phelan
Thomas M. Horan II

11