**IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS,**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARK HAMMERVOLD** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **No. 4:20-CV-00165-ALM** |
| **v.** | § | |
| | § | |
| **DIAMONDS DIRECT USA OF** | § | |
| **DALLAS,  LLC; DAVID BLANK;** | § | |
| **DIAMOND CONSORTIUM, INC.** | § | |
| **d/b/a THE DIAMOND DOCTOR; and** | § | |
| **JEWELERS MUTUAL INSURANCE** | § | |
| **COMPANY** | § | |

**PLAINTIFF MARK HAMMERVOLD'S SUR-REPLY IN FURTHER OPPOSITION TO**
**DEFENDANTS DAVID BLANK AND DIAMOND CONSORTIUM, INC. D/B/A THE**
**DIAMOND DOCTOR'S 12(B)(6) MOTION TO DISMISS**

**MARK HAMMERVOLD[1]**
Mark Hammervold, IL #6320744
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
mark@hammervoldlaw.com

*Pro Se Plaintiff*

---

[1] Mark Hammervold is admitted to practice in this district, but is representing himself *pro se* in this case.

Plaintiff Mark Hammervold respectfully submits this Sur-Reply in further opposition to Defendants David Blank and The Diamond Doctor's Motion to Dismiss (Dkt. 9).

## I.      Hammervold's Claims are Not Barred by Res Judicata / Claim Preclusion.

Hammervold's abuse of process and malicious prosecution claims are not barred by res judicata because those claims were not *actually litigated* in the previous lawsuit, and there was no point of time in the underlying lawsuit when Hammervold *should* have filed those claims to avoid claim preclusion.

Claim preclusion does *not* apply to an unlitigated claim unless that claim "could and should have been brought in the earlier litigation." *D-1 Enterprises v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989); *Ries v. Paige (In re Paige)*, 610 F.3d 865, 873 (5th Cir. 2010) ("Only if we determine  that the claims asserted here could and should have been asserted in the earlier sanctions proceeding are Ries's claims barred by res judicata.").

Blank and Diamond Doctor continue to argue that Hammervold's abuse of process and malicious prosecution claims are barred by res judicata because those claims involve the "same nucleus of operative facts" as Hammervold's post-judgment motion for sanctions, Dkt. 25 at 3-5, but these Defendants continue to ignore that (1) Hammervold's claims do not involve the "same nucleus of operative facts" as Blank and Diamond Doctor's substantive claims in the underlying lawsuit; and (2) Hammervold *could not* have raised his malicious prosecution and abuse of process claims with his *post-judgment* motion for attorneys' fees (that touched on similar facts).

It cannot be said that Hammervold *could have* and *should have* filed his abuse of process or malicious prosecution claims as counterclaims to Blank's RICO and conspiracy claims in the underlying lawsuit. *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 209 (Tex. 1999) ("the doctrine of res judicata does not bar claims against the plaintiff from an earlier suit by a defendant from the earlier suit, unless the later claims were compulsory in the earlier suit"); *Incas*

1

& *Monterey Printing & Packaging v. M/V Sang Jin*, 747 F.2d 958, 964-965 (5th Cir. 1984) ("[E]ven under th[e] liberal standard [for compulsory counterclaims], it is clear that an action in the nature of wrongful seizure or malicious prosecution does not lie as a compulsory counterclaim under F.R. Civ. P. 13(a). Such a counterclaim [is] not 'arising out of the same transaction or occurrence' as the original action for purposes of federal practice. . . .").

Likewise, although Hammervold's post-judgment motion for attorneys' fees was based on similar facts as Hammervold's claims in this case, Hammervold *could not* and *should not* have raised his claims for malicious prosecution and abuse of process in his post-judgment motion for attorneys' fees. *See Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986) (district court's post-judgment jurisdiction "is limited to those actions that a court may take in that same action" and does not allow the court "to consider claims in a new and independent action"). Since Hammervold *could not* and *should not* have raised the substantive causes of action pled this case with his post-judgment sanctions motion, the denial of that motion does not serve as an adjudication of those unraised claims. *See. D-1 Enterprises*, 864 F.2d at 38; *In re Paige*, 610 F.3d at 873.

## II.     Hammervold's Claims are Not Barred by Issue Preclusion.

Hammervold's abuse of process and malicious prosecution claims are not barred by issue preclusion because the issues decided by the Court were not "necessary" to its decision, were not "fully and vigorously litigated," and the issues, legal standards, evidentiary standard, and the underlying policy considerations are different between Hammervold's substantive causes of action in this case and Hammervold's post-judgment motion for attorneys fees. *See* Dkt. 21 at 11-18.

Blank and Diamond Doctor's Reply responds only to Hammervold's argument that the differences in the applicable *evidentiary standard* prevent issue preclusion. Defendants' additional arguments on this issue have no merit.

2

The most famous example of differences in the applicable evidentiary standard preventing application of collateral issue estoppel is the civil wrongful death case against O.J. Simpson. After the criminal jury found O.J. Simpson "not guilty" for the murders of Nicole Brown and Ron Goldman (reasonable doubt standard), the victims' families prevailed in a civil wrongful death suit by proving O.J. Simpson caused those deaths under the preponderance of the evidence standard. The Fifth Circuit applies a similar rule: where the evidentiary standard is lower in the prior case, issue preclusion is defeated. *See Copeland v. Merrill Lynch*, 47 F.3d 1415, 1423 (5th Cir. 1995).

Here, Hammervold's failure to prove – by clear and convincing evidence – that attorneys' fees should have been awarded based on his post-judgment motion, does ***not*** mean that Hammervold cannot prove that the Defendants acted with malice, or in bad faith, by a preponderance of the evidence in this case.

Blank and Diamond Doctor appear to argue that this Court previously found "under the clear and convincing evidence standard that Diamond Doctor's 'conduct throughout the course of litigation appropriate.'" Reply, p. 3. However, this mischaracterizes the Court's prior order. Dkt. 9-1 at 7.[2] The only burden / evidentiary standard applied was *on Hammervold* to prove the basis for sanctions by clear and convincing evidence. *See id.* at 3-4.[3]

The Defendants' citation to *Ball v. AO Smith* does not help their argument with respect to the difference in evidentiary standards issue. In fact, *Ball* is clearly distinguishable because it presented the ***inverse*** situation. The court had previously found – by clear and convincing evidence

---

[2] The Court made this observation after noting that Hammervold did "not appear to challenge the 'method of prosecution' or that Plaintiffs were burdening the Hammervold Defendants with unnecessary expenditures of time." Dkt. 9-1 at 7. The Court's finding was based on the *absence* of clear and convincing evidence in support of the contrary position, not due to the presence of clear and convincing evidence affirmatively in support of the proposition.

[3] While the breadth of Court's statement was not clearly tethered to Hammervold's evidentiary standard, this is another reason for not using the statement collaterally estop Hammervold's claims here. The finding was not "necessary" to resolve the issues before the Court. *See* Dkt. 21, p. 15-16.

– that the defendant had acted in bad faith. 451 F.3d 66, 69 (2d Cir. 2006).[4] This affirmative finding *necessarily* meant that a lesser evidentiary standard could also be satisfied. Here, the Court's finding that Hammervold had not satisfied the clear and convincing evidence standard does not mean that Hammervold cannot not satisfy the lower preponderance of the evidence standard in this case. *See e.g. In re Teal v. United States*, 1992 U.S. Dist. LEXIS 20154, *7 (W.D. Tex. Dec. 23, 1992) ("The Supreme Court stated that a creditor who had successfully proved a claim a prior proceeding by a higher evidentiary standard than required in bankruptcy proceedings could prevail by collateral estoppel. However, creditors who had failed to previously prove a claim by at least the evidentiary standard required in bankruptcy proceedings would not be assured of prevailing merely by means of collateral estoppel.") (*Citing Grogan v. Garner,* 111 S. Ct. 654 (1991)).[5]

### III.     It is Premature to Decide the "Special Damages" Choice-of-Law Issue *Against* Hammervold.

The Parties agree that the choice-of-law issue must be determined based on a weighing of the various restatement factors outlined in § 6 and § 145 of the Second Restatement of Conflicts of Law. *See* Dkt. 9 at 10-11. In support of his arguments that Illinois law applies to the "Special Damages" issue based on a weighing of these factors, Hammervold provided a declaration providing some of the evidentiary support for his choice-of-law analysis, Dkt. 23, but also requested that this Court "should at least defer its determination of the choice-of-law issue until after the Parties have had a fair opportunity to conduct discovery and to present the Court with an appropriate evidentiary record and full briefing on the choice-of-law issues." Dkt. 21 at 23.

---

[4] Both sides also urged the court to apply collateral estoppel to the same finding. *Id.* at 69-70.

[5] To return to the OJ Simpson analogy: Hammervold's claims in this case are analogous to the victims' families pursuing a civil remedy under a less strict evidentiary standard after the criminal prosecution was unsuccessful. However, if O.J. Simpson were affirmatively found guilty in the criminal case (like what happened in *Ball v. AO Smith*), he likely would not have been able to contest liability if the subsequent civil suit if it involved the same issue under a less strict evidentiary standard.

Hammervold's request that this Court this decline to conclusively decide the choice-of-law analysis at the motion to dismiss stage was supported by a number of cases where district courts have observed that resolution of choice-of-law issues is inappropriate at the motion to dismiss stage because the analysis is inherently fact-based, and should only be decided with an appropriate evidentiary record. *See* Dkt. 21, pp. 22-23.

In their Reply, these Defendants object to this Court considering even the limited evidentiary record that Hammervold has presented for the choice-of-law issue because "[t]his court may not go outside the pleadings in ruling on a 12(b)(6) motion." Dkt. 25, p. 1. Defendants' objection to Hammervold's declaration accurately states the Rule 12 standard, but it demonstrates why this Court should not address the choice-of-law issue at this time. *See Janvey v. Proskauer Rose*, 2015 U.S. Dist. LEXIS 187809, *9-10 (N.D. Tex. Jun. 23, 2015); *Floyd v. CIBC World Mkts., Inc.,* 426 B.R. 622, 641 (S.D. Tex. 2009); *Blanchard & Co. v. Contursi,* 2000 U.S. Dist. LEXIS 6672, *14 (E.D. La. 2000); *see also Leaf Trading Cards v. Upper Deck,* 2020 U.S. Dist. LEXIS 27780, *5 (N.D. Tex. Feb. 19, 2020); *Southern Audio Servs. v. Carbon Audio*, 141 F. Supp. 3d 653, 662 n. 4 (M.D. La. 2015); *Haynesville Shale Rentals v. Total Equip. & Serv*., 2012 U.S. Dist. LEXIS 147297, *2-3 (S.D. Tex. Oct. 12, 2012).

The Defendants' argument in their Reply that this Court should decide the choice-of-law issue against Hammervold based on allegations in the Complaint alone fails because a plaintiff is "not required to plead choice-of-law issues at the outset of a case, [but] must raise them 'in time to be properly considered.'" *Abbasid v. Bank of Am., N.A*., 463 Fed. Appx. 317, 318 (5th Cir. Feb. 28, 2012); *see Landmark Document Servs. v. Omega Litig. Solutions*, LLC, 2006 U.S. Dist. LEXIS 71211, *5 (N.D. Ill. Sept. 29, 2006) ("Defendants offer no rule, statute, or case law obligating Plaintiff to plead choice of law in the complaint").

Hammervold has clearly provided sufficient notice of his position that Illinois law should apply to the "special damages" issue and has demonstrated that Illinois has a sufficient interest in its law applying to the "special damages" issue for this Court to *at least* reserve its final determination of this issue until the Parties have been able to conduct discovery, present a proper evidentiary record, and fully brief the issue based on an appropriate evidentiary record.

**IV.    Hammervold has Pled "Special Damages" as to his Malicious Prosecution Claim, or Alternatively, Should be Given the Opportunity to Amend his Complaint.**

Blank and Diamond Doctor argue in their Reply that this Court can only consider whether Hammervold has pled "special damages" based on the agreed injunction "in connection with his abuse of process claim, ***not*** his malicious prosecution claim." Reply, p. 7 (emphasis in original). This argument has no merit because Hammervold has alleged the factual circumstances of his "special damages" based on the agreed injunction and Hammervold's pleading of this issue should be given a liberal construction, and not limited based on technical pleading issues, such as the headings under which those facts were pled. *See Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1985) ("An initial complaint must be construed liberally. Mere technical defects in a pleading do not provide a basis for dismissal.") (reversing dismissal of complaint based on an allegation not being included in the correct section of the complaint). At minimum, Hammervold should be given the opportunity to amend his Complaint to correct any such technical pleading error.

**V.    Hammervold has Pled Facts Demonstrating "Favorable Termination."**

These Defendants previously conceded that "there can be limited circumstances where a voluntary dismissal may constitute a favorable termination." Dkt. 9 at 18 (*citing McCall*, 82

S.W.3d at 350).[6] Defendants' Motion should be denied because Hammervold has pled such circumstances.

A voluntary dismissal of a civil lawsuit "can be a favorable termination if (1) it was not pursuant to a settlement agreement or compromise, or (2) the circumstances under which the action was dismissed are not inconsistent with innocence." *Liberty Synergistics, Inc. v. Microflo Ltd*., 50 F. Supp. 3d 267 (E.D.N.Y. 2014); *see Waste Mgmt. of La. v. Parish of Jefferson ex rel. Jefferson Parish Council*, 947 F. Supp. 2d 648, 659 (E.D. La. 2013) ("voluntary dismissal satisfies the favorable termination element of a malicious prosecution claim if the circumstances indicate that the suit was dismissed because the underlying claims were without merit.") (recognizing that a defendant's abandonment of a prior civil claim can constitute a favorable termination based on facts alleged by plaintiff that defendant knew it could not succeed on merits of claim); *Abbott v. United Venture Capital*, 718 F. Supp. 828, 833 (D. Nev. 1989) ("If the circumstances demonstrate that the underlying claim was dismissed because the plaintiff could not prevail on the merits, then the dismissal was a favorable termination.").

Here, Hammervold has alleged that Defendants abandoned their claims against Hammervold on the eve of trial, without any consideration from Hammervold, because they *knew* their claims against Hammervold had no merit and were going to fail. Dkt. 1, ¶¶ 135, 138-142. For purposes of Rule 12(b)(6), this Court must accept those allegations as true.

The Defendants' argue that Hammervold's allegations about their reasons for dismissing the claims against Hammervold on the eve of trial are "speculative." Dkt. 25 at 10. However, Hammervold's allegations must be credited at this stage of the litigation and should ultimately be

---

[6] To the extent Defendants are permitted to walk back their previous admission, *see* Dkt. 25 at 10, and the Court finds that Texas law does not follow the restatement approach on the "favorable termination" issue, Hammervold requests the opportunity to brief the choice-of-law issue to show that Illinois law applies. *See* Dkt. 21, n. 10.

resolved by the jury. *See Abbott,* 718 F. Supp. at  833-834 ("In applying the Restatement's test, a court generally will have to look beyond the mere pleadings in a malicious prosecution claim. This need for extrinsic evidence arises from the test's focus on the factual circumstances underlying a voluntary dismissal. Furthermore, where these circumstances are ambiguous, or are the subject of dispute, the jury or other factfinder must determine whether these circumstances satisfy the favorable termination element."); *Ancier v. Egan,* 2014 U.S. Dist. LEXIS 167319, *12-14 (D. Haw. Dec. 3, 2014) (pleading of "favorable termination" element satisfied requirements of Rule 12(b)(6) where "the Complaint plausibly alleges that Defendants dismissed the underlying action because they did not have a basis to bring it in the first place."). The Defendants also argue that the circumstances are insufficient to show favorable termination based on the distinction between an effectively-dispositive pending motion in *limine* and a pending dispositive motion under Rule 12 or Rule 56 is pending, but Defendants' cite no authority for the proposition that such distinction is outcome-determinative in the context of the "favorable termination" element of a malicious prosecution claim.[7] Defendants' argument also elevates form over substance and should be decided by the factfinder, not as a matter of law. *see Waste Mgmt. of La.*, 947 F. Supp. 2d at 660; *Abbott,* 718 F. Supp. at  833-834; *Ancier,* 2014 U.S. Dist. LEXIS 167319 at *12-14.

Crediting Hammervold's allegations, the Defendants voluntarily dismissed their claims against Hammervold because they *knew* those claims had no merit and were going to fail by dispositive motion or at trial. Dkt. 1, ¶¶ 135, 138-142. Under these circumstances, the Defendants' abandonment of their claims can be considered a "favorable termination" for purposes of Hammervold's malicious prosecution claim.

---

[7] Under the restatement approach, this distinction is not dispositive. *See* Restatement (Second) of Torts § 674 cmt. J; Restat 2d of Torts, § 660-661, 665; *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir. 2001).

## CONCLUSION

For the reasons in Hammervold's Response to the Motion to Dismiss (Dkt. 21), and the additional reasons herein, Blank and Diamond Doctor's Motion to Dismiss should be denied.

**RESPECTFULLY SUBMITTED,**

**s/Mark Hammervold**
Mark Hammervold, IL #6320744
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
**mark@hammervoldlaw.com**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2020, a true and correct copy of the foregoing filing was served upon all counsel of record via the Court's ECF system.

*/s/ Mark Hammervold*