**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MARK HAMMERVOLD,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 4:20-cv-00165-ALM** |
| **DIAMONDS DIRECT USA OF DALLAS, LLC, DAVID BLANK, DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, and JEWELERS MUTUAL INSURANCE COMPANY,** | |
| **Defendants.** | |

## AGREED JOINT MOTION FOR PROTECTIVE ORDER

Plaintiff Mark Hammervold and Defendants, David Blank, Diamond Consortium, Inc. d/b/a The Diamond Doctor ("Diamond Doctor") and Jewelers Mutual Insurance Company file this Agreed Joint Motion for Protective Order (the "Motion") and in support thereof would respectfully show as follows:

### INTRODUCTION AND BACKGROUND FACTS

This lawsuit alleges claims of malicious prosecution and abuse of process directly related to prior litigation in this Court between Hammervold, David Blank and Diamond Doctor.[1]  In that prior litigation, this Court entered a Protective Order.[2] The Parties in this lawsuit have sought to modify the Protective Order in the prior lawsuit to allow the Parties to use Discovery Material from the prior lawsuit in this lawsuit. Because the same confidentiality concerns still

---

[1] *See* Pl.'s Compl. [Doc. #1].

[2] *See* a true and correct copy of the Protective Order entered into in *Diamond Consortium, Inc. d/b/a The Diamond Doctor et al. v. Brian Manookian et al.,* No. 4:16-cv-00094 [Doc. #128] in the U.S. District Court for the Eastern District of Texas Sherman Division.

exist in this lawsuit, good cause exists for a protective order. Thus, the Parties in this lawsuit also seek to enter into the same Protective Order as was entered in the prior lawsuit.

## ARGUMENTS & AUTHORITIES

District courts have broad discretion in entering and modifying protective orders. *U.S. v. Homeward Residential, Inc.,* No. 4:12-cv-461, 2016 WL 279543, *2 (E.D. Tex. Jan. 22, 2016). In the prior litigation, this Court entered a blanket protective order allowing the parties to designate information as protected when they in good faith believed it required a level of increased secrecy.[3] All parties, including Diamond Doctor, whose trade secrets the Protective Order were intended to protect, agree to enter a similar protective order in this lawsuit to continue to protect confidential and trade secret information.[4]

Good cause exists to enter a protective order that allows the producing party to stamp "Confidential," "Highly Confidential," and "Attorney's Eyes Only" designations. *See, e.g., Cmedia, LLC v. LifeKey Healthcare, LLC,* 216 F.R.D. 387, 391 (N.D. Tex. 2003) (entering protective order restricting disclosure of privileged documents to the attorneys involved in the litigation and independent experts due to concerns about confidential business information).

Diamond Doctor sought a protective order in the prior lawsuit because of the highly sensitive nature of the information at issue and significant risk of harm existing from disclosure. At issue was information comprising of trade secrets, highly sensitive commercial information, and private third party information.  Just like in the prior lawsuit, should this information be subject to discovery, any disclosure of it would cause serious harm to Hammervold or to the Diamond Doctor and David Blank, as well as business partners of the Diamond Doctor, including loss of privacy rights and potential harm to the Diamond Doctor's competitiveness in the market.

---

[3] *See* Ex. A at ¶ 3.

[4] A true and correct copy of the proposed Protective Order is attached hereto as Ex. B.

In the prior lawsuit, the Parties agreed that a protective order was necessary to adequately safeguard against access to and dissemination of the discovery. For the same reasons this Court found good cause existed in the prior lawsuit, good cause exists here for this Court to enter a protective order so that any discovery provided by Defendants may be designated as "Confidential," "Highly Confidential," or "Attorney's Eyes Only." This Protective Order is necessary to ensure the protection of the business interest and well-being of Defendants and third parties such as customers and business partners of Defendants.

## CONCLUSION

For all of the reasons stated above, Plaintiff and Defendants jointly request that the Court enter the Protective Order, and for such any and further relief to which the Court finds reasonable and necessary.

Respectfully submitted,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 Telephone
(214) 220-5299 Facsimile


By:_____/s/ *Carrie J. Phaneuf*_____
    **CARRIE JOHNSON PHANEUF**
    Texas Bar No. 24003790
    email: cphaneuf@cobbmartinez.com

    **KATHERINE ELRICH**
    Texas Bar No. 24007158
    email: kelrich@cobbmartinez.com

    **ATTORNEYS FOR DEFENDANTS DAVID BLANK AND DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR**

**HAMMERVOLD LAW**
155 S. Lawndale Avenue
Elmhurst, Illinois 60126
(405) 509-0372 Telephone
(615) 928-2264 Facsimile


By:     */s/ Mark Hammervold*
    **MARK HAMMERVOLD**, *Pro Se*
    IL #6320744
    email: mark@hammervoldlaw.com

**PLAINTIFF**, *PRO SE*



**THOMPSON, COE, COUSINS & IRONS, LLP**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 Telephone
(214) 871-8209 Facsimile


By:     */s/ Shawn W. Phelan*
    **SHAWN W. PHELAN**
    Texas Bar No. 00784758
    email: sphelan@thompsoncoe.com

    **THOMAS M. HORAN, II**
    Texas Bar No. 24063938
    email: thoran@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
JEWELERS MUTUAL INSURANCE
COMPANY**



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2020, a true and correct copy of the foregoing was filed and served electronically upon all counsel of record.


        */s/  Carrie Johnson Phaneuf*
        Carrie Johnson Phaneuf