IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK HAMMERVOLD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DIAMONDS DIRECT USA OF DALLAS, | § | Case No. 4:20-cv-165-ALM |
| LLC, DAVID BLANK, DIAMOND | § | |
| CONSORTIUM, INC. D/B/A THE | § | |
| DIAMOND DOCTOR, AND JEWELERS | § | |
| MUTUAL INSURANCE COMPANY, | § | |
|     Defendants. | § | |

**JEWELERS MUTUAL INSURANCE COMPANY'S RENEWED MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Shawn W. Phelan
State Bar No. 00784758
sphelan@thompsoncoe.com
Thomas M. Horan II
State Bar No. 24063938
thoran@thompsoncoe.com
Elizabeth Lee Thompson
State Bar No. 00788290
lthompson@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR DEFENDANT
JEWELERS MUTUAL INSURANCE
COMPANY**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES .......................................................................................... ii

INTRODUCTION ........................................................................................................1

STATEMENT OF ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1) ....................2

FACTUAL BACKGROUND .........................................................................................2

LEGAL STANDARD....................................................................................................6

ARGUMENT AND AUTHORITIES ............................................................................8

    A.    This Lawsuit is Governed by Texas Law, Not Illinois Law as Alleged by Hammervold. ....................................................................8

    B.    Hammervold's Abuse of Process Claims is Barred by Limitations. .........10

    C.    Hammervold failed to plead a plausible claim for abuse of process. ........11

        1.    Lack of invocation of the legal process. ...................................... 12

        2.    Lack of illegal, improper, or perverted use of the process............ 13

        3.    Lack of special damages. ............................................................. 14

    D.    Hammervold failed to plead a plausible claim for malicious prosecution. ..............................................................................15

        1.    The underlying lawsuit was not terminated in Hammervold's favor. ......................................................................................... 16

        2.    Hammervold has not pled that he suffered a special injury.......... 16

    E.    Hammervold's conspiracy claim fails as a matter of law. .........................18

CONCLUSION...........................................................................................................21

CERTIFICATE OF SERVICE .....................................................................................22

# INDEX OF AUTHORITIES

**Page(s)**

CASES

*Aly v. City of Lake Jackson*,
  53 Fed. App'x 538 (5th Cir. 2011) ........................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................6, 7, 12

*Bailey v. Willis*,
  No. 4:17-CV-00276, 2018 WL 3321461 (E.D. Tex. Jan. 11, 2018) ......................10

*Baubles & Beads v. Louis Vuitton, S.A.*,
  766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ) .............................13, 14

*Bayou Contracting, Inc. v. Home Indem. Co.*,
  39 F.3d 321, 1994 WL 612762 (5th Cir. Oct. 26, 1994) ..............................17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................6, 7, 12, 21

*Biliouris v. Patman*,
  751 F. App'x 603 (5th Cir. 2019) ............................................................8

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
  561 F.3d 377 (5th Cir. 2009) ................................................................18

*Campbell v. City of San Antonio*,
  43 F.3d 973 (5th Cir. 1995) ................................................................18

*Centerboard Sec., L.L.C. v. Benefuel, Inc.*,
  730 F. App'x 179 (5th Cir. 2018) ............................................................8

*Chevron Oronite Cp., L.L.C. v. Jacobs Field Servs. N. Am.*,
  951 F.3d 1219 (5th Cir. 2020) ................................................................8

*Coleman v. Carrington Mortg. Servs., LLC*,
  No. 4-19-CV- 0231-ALM-CAN, 2019 WL 7195392 (E.D. Tex. Dec. 3, 2019) ......................7

*Cooper v. Trent*,
  551 S.W.3d 325 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ............................12, 13

*Dorsey v. Portfolio Equities, Inc.*,
  540 F.3d 333 (5th Cir. 2008) ................................................................8

*Duzich v. Advantage Fin. Corp.*,
  395 F.3d 527 (5th Cir. 2004) ........................................................................15, 16

*Enriquez-Gutierrez v. Holder*,
  612 F.3d 400 (Fed. Cir. 2010).................................................................................8

*Finlan v. Dallas ISD*,
  90 S.W.3d 395 (Tex. App.—Eastland 2002, pet. denied) ....................................17

*First United Pentecostal Church of Beaumont v. Parker*,
  514 S.W.3d 214 (Tex. 2017).....................................................................18, 19, 20

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ...................................................................................8

*Funk v. Stryker Corp.*,
  673 F. Supp. 2d 522 (S.D. Tex. 2009) ..................................................................21

*Gatheright v. Clark*,
  680 Fed. App'x 297 (5th Cir. 2017) ......................................................................10

*Gutierrez v. Collins*,
  583 S.W.2d 312 (Tex. 1979).....................................................................................8

*Hammervold v. Blank*,
  No. 20-40578, 2021 WL 2879776 (5th Cir. July 9, 2021)..................................1, 6

*Henry Schein, Inc. v. Stromboe*,
  102 S.W.3d 675 (Tex. 2002).....................................................................................8

*Ins. Co. of N. Am. v. Morris*,
  981 S.W.2d 667 (Tex. 1998)...................................................................................18

*James v. Brown*,
  637 S.W.2d 914 (Tex. 1982)...................................................................................16

*Jones v. Alcoa, Inc.*,
  339 F.3d 359 (5th Cir. 2003) ...................................................................................7

*Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*,
  20 F.3d 1362 (5th Cir. 1994) ...................................................................................7

*Lee v. Tricentury Corp.*,
  No. 1:08-CV-719, 2010 WL 115274433 (E.D. Tex. Aug. 20, 2010)......................9

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ...................................................................................7

*Marlin v. Moody Nat'l Bank, N.A.*,
   248 Fed. App'x 534 (5th Cir. 2007) ...................................................................18

*Massey v. Armco Steel Co.*,
   652 S.W.2d 932 (Tex. 1983)...........................................................................20

*McCall v. Tana Oil & Gas Corp.*,
   82 S.W.3d 337 (Tex. App.—Austin 2001),
   *rev'd on other grounds* 104 S.W.3d 80 (Tex. 2003)....................................16

*Meadows v. Hartford Life Ins. Co.*,
   492 F.3d 634 (5th Cir. 2007) .........................................................................19

*Mims v. Carrier Corp.*,
   88 F. Supp. 2d 706 (E.D. Tex. 2000)..............................................................15

*In re Missionary Baptist Found. of Am., Inc.*,
   712 F.2d 206 (5th Cir. 1983) ...........................................................................8

*Ortega v. Young Again Prods., Inc.*,
   548 Fed. App'x 103 (5th Cir. 2013) ...............................................................10

*Patrick v. Howard*,
   904 S.W.2d 941 (Tex. App.—Austin 1995, no writ)........................................10

*Pitts & Collard, L.L.P. v. Schechter*,
   369 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ...................14, 15

*Resolution Tr. Corp. v. Northpark Joint Venture*,
   958 F.2d 1313 (5th Cir. 1992) ..........................................................................8

*Rodriguez v. Carroll*,
   510 F. Supp. 547 (S.D. Tex. 1981) .................................................................18

*RRR Farms, Ltd. v. Am. Horse Protection Ass'n, Inc.*,
   957 S.W.2d 121 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ...........13, 14

*Sligh v. Fator*,
   No. 4:19-CV-00036-ALM-CAN, 2019 WL 6833899 (E.D. Tex. Nov. 15, 2019)...................7

*StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*,
   426 F. Supp. 3d 311, 353–54 (E.D. Tex. 2019) ..............................................18

*Tex. Beef Cattle Co. v. Green*,
   921 S.W.2d 203 (Tex. 1996)...........................................................14, 15, 16, 17

*Wolcott v. Sebelius*,
   635 F.3d 757 (5th Cir. 2011) ...........................................................................8

**STATUTES**

28 U.S.C. § 1927 ................................................................................................4

**RULES**

FED. R. CIV. P. 12(b)(6) ..............................................................................19, 21

**OTHER AUTHORITIES**

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS, § 145(2) .......................................8, 9

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS, Title B ...........................................9

59 Tex. Jur. 3d Process, Notices and Subpoenas §1 ...................................................12

This case is on remand from the Fifth Circuit. *Hammervold v. Blank*, No. 20-40578, 2021 WL 2879776, at *1, 6 (5th Cir. July 9, 2021).  Jewelers Mutual Insurance Company ("Jewelers Mutual") files this Renewed 12(b)(6) Motion to Dismiss to address the "alternative grounds" raised in Jewelers Mutual's original 12(b)(6) Motion to Dismiss but not addressed previously by this Court: that this suit "can be dismissed for failure to state a plausible claim for relief and for violating the statute of limitations." *Id.* at *6.  Jewelers Mutual would respectfully show the Court the following.

## INTRODUCTION

The Fifth Circuit remanded this case, stating that "[i]t is preferable" for this Court "to examine" the issues of Plaintiff Mark Hammervold's ("Hammervold") failure to state a plausible claim and violation of the statute of limitations "in the first instance." *Id.*  These grounds are dispositive of Hammervold's claims of malicious prosecution, abuse of process, and conspiracy and therefore none of Hammervold's allegations state a plausible claim for relief and his claims should be dismissed.

First, Texas and not Illinois law applies to Hammervold's claims.  Second, Hammervold's claim of abuse of process is barred by limitations.  In addition, Hammervold fails to state a claim for abuse of process upon which relief can be granted, for he has not sufficiently pled the required elements that Jewelers Mutual invoked the legal process, that there was an illegal, improper, or perverted use of process, or that he suffered a special injury.  Further, Hammervold also fails to plead a plausible claim for malicious prosecution, as he does not adequately plead that the underlying lawsuit was terminated in his favor or that he suffered a special injury.  In addition, Hammervold's derivative civil conspiracy claim is not viable because Hammervold failed as a matter of law to state a separate underlying claim for either malicious prosecution or abuse of process and his pled civil conspiracy claim fails as a matter of law on numerous grounds.

1

Accordingly, Hammervold fails to state a claim upon which relief can be granted and Jewelers Mutual is entitled to dismissal of those claims with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1)

As remanded by the Fifth Circuit and pursuant to Local Rule CV-7, the issues to be decided by the Court are as follows:

1.     Whether Texas or Illinois law applies to Hammervold's claims.

2.     Whether Hammervold's abuse of process claim is barred by limitations.

3.     Whether Hammervold's allegations in support of his claims for abuse of process, malicious prosecution, and civil conspiracy, even when taken as true, state a plausible claim for relief.

## FACTUAL BACKGROUND

In February 2016, Diamond Doctor sued Brian Manookian, Brian Cummings, and Cummings Manookian, PLC (collectively, the "Manookian Defendants") alleging that they engaged in a scheme to defame and defraud Diamond Doctor. *See Diamond Consortium v. Brian Manookian,* 4:16-cv-94 (E.D. Tex. Feb. 3, 2016).[1] Diamond Doctor alleged the Manookian Defendants created a website and advertisements falsely accusing Diamond Doctor of committing fraud and deceiving customers by over-grading diamonds.[2] According to Diamond Doctor, the Manookian Defendants attempted to coerce Diamond Doctor into retaining them as counsel by threatening lawsuits against Diamond Doctor if it refused.[3] The idea being that the Manookian Defendants would then be conflicted out of representing individuals wanting to sue Diamond

---

[1] Since Jewelers Mutual was not a party to the original action it offers the following information as a recital and summarization of this Court's Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold, PLC*, No. 4:17-CV-452.¶
[2] *Id.* at pp. 1–2.
[3] *Id.*

Doctor related to the alleged fraud and over-grading of diamonds.[4] According to Diamond Doctor, this was a pattern engaged in by the Manookian Defendants with other jewelers and that other jewelers entered into such representation agreements with the Manookian Defendants.[5]

In September 2016, Diamond Doctor added Mark Hammervold and Hammervold, PLC (collectively, "Hammervold") to the lawsuit.[6] Diamond Doctor claimed that the Hammervold was part of the Manookian Defendants' extortion scheme in that the Manookian Defendants would solicit clients to sue jewelers and then refer clients to Hammervold that the Manookian Defendants would otherwise be conflicted out of representing.[7] Based on those allegations, Diamond Doctor asserted claims against Hammervold for violations of the Racketeer Influenced Corrupt Organizations Act,18 U.S.C. § 1926(c) ("the RICO Act") and for civil conspiracy.[8]

On October 12, 2016, Hammervold filed a motion to dismiss for failure to state a claim, which the Court denied.[9] Hammervold's then-counsel subsequently filed a motion to withdraw as counsel based on "limited resources" of Hammervold and to permit Mark Hammervold to represent himself and Hammervold, PLC.[10] That too was denied by the Court.[11] Hammervold appealed both orders and filed a motion to stay the case.[12] On the motion of the Manookian

---

[4] *Id.* at p. 2.
[5] *See id.*
[6] *Id.*; Second Amended Complaint against Cummins Manookian, PLC, Brian Manookian, Mark Hammervold, Hammervold, PLC (Document 99) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94.
[7] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 2.
[8] *Id.*
[9] *Id.*; Motion to Dismiss (Document 113) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94; Amended Motion to Dismiss (Document 173) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94; Mem. Op. and Ord. (Document 180) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94.
[10] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p 2; Opposed Motion to Withdraw (Document 196) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94.
[11] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 2*;* Mem. Op. and Ord. (Document 224) in *Diamond Consortium, Inc., v. Brian Manookian et al*, No. 4:16-CV-94.
[12] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, p. 2.

Defendants, the Court then severed the claims against Hammervold into a separate case—*Diamond Consortium v. Mark Hammervold,* 4:17-cv-452 (E.D. Tex. June 27, 2017).[13]

In the *Hammervold* case, Hammervold again petitioned the Court to allow Hammervold's then attorney to withdraw and allow Mark Hammervold to represent himself and Hammervold, PLC, pro se.[14] The Court granted Hammervold's motion on January 15, 2019.[15] Shortly thereafter, on February 28, 2019, Diamond Doctor filed a voluntary notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41.[16] The Court granted the motion for voluntary dismissal on February 28, 2019.[17] Subsequently, on March 14, 2019, Hammervold filed a motion to amend the judgment that the Court entered, arguing that because the judgment was silent as to fees and costs, Hammervold wanted the Court to amend it to allow the Court to re-assess costs and attorney's fees.[18] A week later, on March 21, 2019, Hammervold filed a motion for sanctions and attorneys' fees.[19] Hammervold argued that the Court should shift the costs to Diamond Doctor and award attorneys' fees to Hammervold based on: (1) 28 U.S.C. § 1927; and (2) the "bad faith" exception to the American Rule.[20]

---

[13] *Id.*

[14] *Id.* at p. 3*; Motion for Withdrawal (Document 20) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[15] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 3; Order (Document 51) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[16] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 3; Unopposed Motion for Voluntary Dismissal without Prejudice (Document 88) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[17] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 3; Order (Document 89) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[18] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 3; Motion to Amend/Correct Order (Document 90) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[19] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p.3; Motion for Sanctions (Document 94) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.

[20] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at p. 3.

The Court denied that motion on February 20, 2020 ("Sanctions Order").[21] In reaching its decision, the Court found, among other things, that there was no clear successful or unsuccessful litigant; Diamond Doctor did not act in bad faith in filing suit against Hammervold; Diamond Doctor advanced plausible claims for relief; and Diamond Doctor's conduct throughout the course of the litigation was appropriate, not duplicative, nor harassing.[22]

On February 27, 2020—seven days after the Court entered the Sanctions Order, Hammervold filed the present case alleging malicious prosecution, abuse of process, and civil conspiracy against Blank and Diamond Consortium (collectively, the "Blank Parties"), and Jewelers Mutual (collectively with the Blank Parties, "Defendants").[23] The Blank Parties and Jewelers Mutual filed motions to dismiss, which the parties fully briefed with responses, replies, and sur-replies.[24]

On August 6, 2020, the Court issued its Memorandum Opinion and Order granting Jewelers Mutual's motion to dismiss and the Blank Parties' motion to dismiss.[25] The Court determined that the applicable substantive law was Texas law, not (as Hammervold contends) Illinois law.[26] The Court also ruled that the Court's conclusions and findings in the Sanctions Order precluded Hammervold's claims of malicious prosecution and abuse of process against Defendants.[27] The

---

[21] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452.
[22] *Id.*
[23] Complaint *(*Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020).  Hammervold also included Diamonds Direct as a defendant. *Id.* On August 15, 2020, Hammervold filed a Stipulation of Partial Dismissal with Prejudice as to all claims against Defendant Diamonds Direct, which was stipulated and agreed to by Diamonds Direct.  Stipulation of Partial Dismissal with Prejudice (Document 39) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165.
[24] Motion to Dismiss by David Blank and Diamond Consortium, Inc. (Document 9), Motion to Dismiss by Jeweler's Mutual (Document 17) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165; *see also* Documents 21, 24, 25, 29, 30, 32 in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (responses, replies, and sur-replies).
[25] Mem. Op. and Ord. (Document 38) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165.
[26] *Id.* at 6–7.
[27] *Id.* at 7–13.

court also dismissed Hammervold's civil conspiracy claim.[28]   The Court concluded that, because civil conspiracy under Texas law is a derivative tort, and Hammervold had failed to state a separate underlying claim on which relief could be granted, Hammervold's civil conspiracy claim against Defendants fails.[29]

On September 3, 2020, Hammervold filed his notice of appeal of the Court's Memorandum Opinion and Order granting Defendants' motions to dismiss to the Fifth Circuit Court of Appeals.[30] On July 9, 2021, the Fifth Circuit reversed the dismissal of Hammervold's claims based on res judicata and collateral estoppel, and remanded for further proceedings.  *Hammervold*, 2021 WL 2879776, at *1, 6.  The Fifth Circuit concluded it "is preferable to have the district court examine" "in the first instance" the "alternate grounds" asserted by Defendants: whether Hammervold's claims "can be dismissed for failure to state a plausible claim for relief and for violating the statute of limitations."  *Id.* at *6.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must meet two criteria:  (1) it must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations omitted). To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550

---

[28] *Id.* at 13–14.
[29] *Id.*
[30] Notice of Appeal (Document 40) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al*, 4:20-cv-165.

U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id*. (citing *Twombly*, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950.  Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id*.  Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id*. at 1951.

Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). Likewise, a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense, so long as the bar to relief appears on the face of the complaint or other appropriately considered materials, as it does here. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see, e.g., Coleman v. Carrington Mortg. Servs., LLC*, No. 4-19-CV- 0231-ALM-CAN, 2019 WL 7195392, at *5 (E.D. Tex. Dec. 3, 2019) (citing *Jones*); *Sligh v. Fator*, No. 4:19-CV-00036-ALM-CAN, 2019 WL 6833899, at *6, 8–10 (E.D. Tex. Nov. 15, 2019) (citing *Jones* and granting motion to dismiss based on limitations).

The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. In addition, the Court may take judicial notice of certain matters, including the record in prior related proceedings, and draw reasonable

inferences therefrom. *Wolcott v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008)); *Chevron Oronite Cp., L.L.C. v. Jacobs Field Servs. N. Am.,* 951 F.3d 1219, 1229 n.4 (5th Cir. 2020) (quoting *In re Missionary Baptist Found. of Am., Inc.,* 712 F.2d 206, 211 (5th Cir. 1983)); *see, e.g., Biliouris v. Patman,* 751 F. App'x 603, 605 (5th Cir. 2019) (same); *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011); *Enriquez-Gutierrez v. Holder,* 612 F.3d 400, 410-411 (Fed. Cir. 2010) (district courts have "the right to take notice of their own files and records in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases"). In considering this Motion, Jewelers Mutual respectfully requests that the Court take judicial notice of the entire records in *Diamond Consortium, Inc. et al v. Brian Manookian et al,* 4:16-cv-94 (E.D. Tex. Feb. 3, 2016) and *Diamond Consortium, Inc. et al v. Mark Hammervold et al,* 4:17-cv-452 (E.D. Tex. June 27, 2017).

## ARGUMENT AND AUTHORITIES

**A.     This Lawsuit is Governed by Texas Law, Not Illinois Law as Alleged by Hammervold.**

"A federal court is required to follow the choice of law rules of the state in which it sits." *Centerboard Sec., L.L.C. v. Benefuel, Inc.*, 730 F. App'x 179, 182 (5th Cir. 2018) (quoting *Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1318 (5th Cir. 1992)). Texas courts employ the "most significant relationship" test to determine the choice of law in tort cases. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979).  "[F]or tort claims, Texas law requires that courts weigh the following factors in determining what law applies: '(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.'" *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 696 (Tex. 2002) (quoting *Gutierrez*, 583 S.W.2d at 319 and Restatement (Second) of Conflict

of Laws § 145(2)); *see Lee v. Tricentury Corp.*, No. 1:08-CV-719, 2010 WL 115274433, at *3 (E.D. Tex. Aug. 20, 2010) ("In tort cases, Texas courts utilize the 'most significant relationship' test when resolving choice of law questions"); *see also* Restatement (Second) Conflict of Law § 6 (choice of law principles).

In addition, the Restatement contains rule sections addressing specific torts where the law is sufficiently settled. *See generally* Title B of the RESTATEMENT (SECOND) OF CONFLICTS OF LAWS. Particularly relevant is Section 155 (Malicious Prosecution and Abuse of Process), which provides: "The rights and liabilities of the parties for malicious prosecution or abuse of process are determined by the local law of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." *Id.*; *see id.* at §6 (stating general factors).

Here, Hammervold complains that Jewelers Mutual engaged in malicious prosecution and abuse of process arising out of litigation pending in Texas, not Illinois. Furthermore, although Hammervold appears to currently reside in Illinois, based on his signature block, at the time of the litigation in question, he resided in Tennessee.[31] In short, Hammervold provides no explanation as to why Illinois law should apply over the law of the forum state, Texas, other than the conclusory statement that "Illinois law applies to this element under applicable choice of law principles."[32] Accordingly, Jewelers Mutual respectfully re-urges the Court to conclude that this matter is governed by Texas law.

---

[31] *See* Hammervold's signature block in *Diamond Consortium, Inc. v. Brian Manookian et al,* 4:16-cv-94 (E.D. Tex. Feb. 3, 2016) and *Diamond Consortium, Inc. et al v. Mark Hammervold et al,* 4:17-cv-452 (E.D. Tex. June 27, 2017)
[32] Complaint *(*Document 1*)* in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165, at ¶¶157–58.

**B.**     **Hammervold's Abuse of Process Claims is Barred by Limitations.**

Under Texas law, a two-year statute of limitations applies to abuse of process claims. *Bailey v. Willis*, No. 4:17-CV-00276, 2018 WL 3321461, at *13 (E.D. Tex. Jan. 11, 2018); *see Ortega v. Young Again Prods., Inc.*, 548 Fed. App'x 103, 113 (5th Cir. 2013).  The claim accrues when the wrongful act causes an injury.  *Patrick v. Howard*, 904 S.W.2d 941, 944 (Tex. App.—Austin 1995, no writ); *see Aly v. City of Lake Jackson*, 53 Fed. App'x 538, 639 (5th Cir. 2011) (claim analogous to abuse of process claim accrued when process was abused, meaning when plaintiff was arrested and charged with credit card fraud).  A claim for abuse of process accrues and limitations begins to run upon "the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued."  *Gatheright v. Clark*, 680 Fed. App'x 297, 302 (5th Cir. 2017) (applying Mississippi law).[33]

Hammervold claims that Jewelers Mutual and the other defendants "abused process" by:

a)   Demanding that he agree not to solicit for and/or accept any other diamond cases against Defendants.

b)   Pursuing *Diamond Consortium v. Hammervold* in a way aimed to drain Hammervold's financial resources and insurance policy, so that he would have no option other than to agree to the purportedly illegal terms that Defendants sought from him.

c)   Threatening Hammervold and alternatively offering to settle with Hammervold if he would provide adverse, purportedly false testimony against Manookian in *Diamond Consortium v. Manookian*.

d)   Using the filing of *Diamond Consortium v. Manookian* to attempt to disqualify Hammervold from representing claimants in consumer cases against Blank and Diamond Doctor.

e)   Obtaining an agreed injunction that arguably applied against Hammervold who Defendants alleged was in "active concert" with Manookian, when Hammervold would not agree to Defendants' terms.

f)   Obtaining an agreed permanent injunction to silence Manookian, "a critical witness" for Hammervold's defense against Blank and the Diamond Consortium's claims against Hammervold.[34]

---

[33] Mississippi's elements for abuse of process are analogous to the elements for abuse of process under Texas law. *See Gatheright*, 680 Fed. App'x at 302.  The statute of limitations for abuse of process in Mississippi is one year.  *Id.*
[34] Complaint *(*Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), at ¶146.

Jewelers Mutual denies that it engaged in these activities or that these activities constitute "process" to support an abuse of process claim.  Yet, even assuming that these actions occurred and equate to "process," none of these alleged "processes" occurred within two years preceding the date Hammervold filed this suit, on February 27, 2020.[35]  The supposedly wrongful settlement communications occurred as early as June 2016 and as late as January 2018.[36]  Using the latest date alleged, January 31, 2018, Hammervold was required to file suit alleging his abuse of process claim by January 31, 2020 in order for his claim to not be time-barred.  Moreover, the agreed injunction Hammervold alleges as grounds for abuse of process was entered into as part of the settlement with Manookian on August 16, 2017.[37]  As a result, Hammervold had until August 16, 2019 to pursue his abuse of process claim related to the injunction.  Further, any abuse of process claim related to the Blank Parties' decision to add Hammervold as a defendant in the *Diamond Consortium, Inc. v. Manookian* lawsuit would date from the filing of the Second Amended Complaint adding Hammervold, which was filed on September 14, 2016.[38]  As a result, the statute of limitations for any alleged "abuse of process" claim based on his being added as a defendant ran two years later, on September 14, 2018—which was over eighteen months before he filed his suit on February 27, 2020 alleging abuse of process.  To the extent his claims arise out of the filing of suit and issuance of process, they are time-barred.

## C.     Hammervold failed to plead a plausible claim for abuse of process.

In addition to failing to timely plead his abuse of process claim, Hammervold's abuse of process claim fails to state a claim because he has not sufficiently pled required elements of abuse

---

[35] *Id.* (filed February 27, 2020).
[36] *Id.* at ¶¶ 92, 104, 123.
[37] Agreed Permanent Injunction (Document 360) in *Diamond Consortium et al v. Mark Hammervold et al,* 4:17-cv-452.
[38] *See* Complaint *(*Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), at ¶100.

of process.  To prevail on an abuse of process claim, the plaintiff must establish: "(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act."  *Cooper v. Trent*, 551 S.W.3d 325, 333–34 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).  Hammervold has not sufficiently pled that Jewelers Mutual invoked the legal process or made illegal, improper, or perverted use of process; or that Hammervold suffered special damages. *See Cooper*, 551 S.W.3d at 333–34; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

### 1.      Lack of invocation of the legal process.

Hammervold has failed to set forth any specific factual allegations demonstrating that Jewelers Mutual invoked the legal process.  *Cooper*, 551 S.W.3d at 333–34.  The term "process" means a warrant, writ, order, mandate, or other formal writing, issued by some court, body, or official having authority to issue process.  59 Tex. Jur. 3d Process, Notices and Subpoenas §1; 62 Am. Jur. 2d Process Section 1.

As Hammervold acknowledges in his pleadings, Jewelers Mutual was not a party to the Blank Parties' lawsuit against Hammervold.[39]  Hammervold does not allege that Jewelers Mutual filed suit against Hammervold or issued process against him.  Instead, the crux of Hammervold's complaint against Jewelers Mutual is that Jewelers Mutual was behind the scenes directing the Blank Parties' lawsuit against Hammervold.  He alleges:

> Based on information and belief, Jewelers Mutual Insurance Company continued to pay for the Blank and Diamond Doctor's attorneys fees' and expenses in prosecuting the federal lawsuit against Hammervold, even though there were no remaining affirmative claims against Blank or Diamond Doctor.  Jewelers Mutual Insurance Company continued to fund and participate in the lawsuit against

---

[39] *Id.*

12

Hammervold as a way to intimidate and seal-off Hammervold from accepting consumer claims against Diamond Doctor and/or other Jewelers Mutual Insureds.[40]

Hammervold's allegations limit Jewelers Mutual to the role that an insurance carrier plays in litigation involving their insured: providing an attorney, paying for legal costs, and monitoring settlements.  Further, the alleged behavior by Jewelers Mutual on which Hammervold bases his abuse of process claim—alleged settlement discussions, the agreed injunction with the Manookin parties, and the initial filing of the lawsuit against Hammervold—do not comprise employing legal process, much less wrongful activity in abuse of process, that would support an abuse of process claim.  A settlement offer is not a use of legal process, and Jewelers Mutual was not a party to the agreed injunction.  Further, "[f]iling a complaint is not an improper or illegal use of the process." *See RRR Farms, Ltd. v. Am. Horse Protection Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex. App.— Houston [14th Dist.] 1997, pet. denied); *see id.* ("Maintaining an abuse of process cause of action requires an improper use of the process after its issuance.").

### 2.      Lack of illegal, improper, or perverted use of the process.

Likewise, Hammervold has failed to adequately plead that—even if Jewelers Mutual had invoked use of the process—Jewelers Mutual made an illegal, improper, or perverted use of the process.  *See Cooper*, 551 S.W.3d at 333–34.  "[P]rocess must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he would not otherwise be compelled to do."  *RRR Farms*, 957 S.W.2d at 133 (quoting *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 379 (Tex. App.—Texarkana 1989, no writ)) (emphasis omitted).  "[T]o maintain an abuse of process claim, there must be a coercive use of the process."  *Id.* at 134.  "When the process is used for the purpose for which it is intended,

---

[40] *Id.* at ¶127; *see id.* at ¶154 (alleging "Jewelers Mutual Insurance Company insisted that Hammervold be named as a defendant" and aided and supported "the prosecution of Hammervold by paying attorneys to affirmatively prosecute those claims").

even though accompanied by an ulterior motive, no abuse of process occurs." *Baubles & Beads*, 766 S.W.2d at 378–79.  "The abuse of process plaintiff must show something more than the damages that are incidental to the filing of the lawsuit." *RRR Farms*, 957 S.W.2d at 134.

Here, the Blank Parties sued Hammervold and served him with process, using that process in precisely the way it was intended, which was to compel him to answer and appear in the lawsuit. Jewelers Mutual did not employ the process.  Because Hammervold has not alleged facts that, if true, would amount to an "illegal, improper or perverted use" use of legal process, he has failed to state a claim for abuse of process against Jewelers Mutual, and his abuse of process claim should be dismissed.

### 3. Lack of special damages.

"To recover for abuse of process in Texas, a claimant must demonstrate that he suffered special damages, i.e., some physical interference with the claimant's person or property in the form of an arrest, attachment, injunction, or sequestration." *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 332–33 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  "It is insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees." *Tex. Beef Cattle*, 921 S.W.2d at 208 (discussing on context of malicious prosecution claim).  "The mere *filing* of a lawsuit cannot satisfy the special injury requirement." *Id.*  "The policy supporting this rule is that it 'assures good faith litigants access to the judicial system without fear of intimidation by a countersuit.'" *Id.* (quoting *Tex. Beef Cattle*, 921 S.W.2d at 209).  "The special damage requirement also serves to avoid needless and vexatious litigation." *Id.* (citing *Tex. Beef Cattle*, 921 S.W.2d at 209).

Hammervold fails to allege "special damages."  Jewelers Mutual—or Blank or Diamond Consortium—never requested any sort of relief that could constitute a physical interference with

Hammervold's "person or property in the form of an arrest, attachment, injunction, or sequestration." *Pitts*, 369 S.W.3d at 332–33.  So Hammervold's allegation that purported efforts to pursue *Diamond Consortium v. Hammervold* "in a way aimed to drain Hammervold's insurance policy and financial resources"[41] does not qualify as "special injury" but rather "ordinary losses incident to defending a civil suit." *Tex. Beef Cattle*, 921 S.W.2d at 208.

Hammervold cites to an agreed injunction in the Manookian lawsuit as part of his abuse of process claim—claiming that the agreed injunction "arguably applied as against Hammervold— as a person who was in 'active concert' with Manookian" and was "obtained" "to silence" Manookian, who was one of Hammervold's "critical witnesses[.]"[42]  But Hammervold was not a party to that injunction (nor was Jewelers Mutual) and neither Jewelers Mutual nor any Defendant sought an injunction against Hammervold.  Further, "special injury" does not "include the incidental effects of an injunction on those who were not directly targeted by the injunction." *See Tex. Beef Cattle*, 921 S.W.2d at 210.

## D.    Hammervold failed to plead a plausible claim for malicious prosecution.

"To establish a claim for malicious prosecution, a plaintiff must show: (1) the institution or continuation of civil proceedings against the plaintiff; (2) initiated by the defendant; (3) with malice in the commencement of the proceedings; (4) which proceedings lacked probable cause; (5) were terminated in the plaintiff's favor; and (6) resulted in special damages." *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 529 (5th Cir. 2004) (citing *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996)); *see Mims v. Carrier Corp.*, 88 F. Supp. 2d 706, 721 (E.D. Tex. 2000).  Hammervold fails to sufficiently plead two elements of malicious prosecution: (1) that the previous proceeding was terminated in his favor and (2) that he suffered special injury. *See Duzich*,

---

[41] *Id.* at ¶146(b).
[42] *Id.* at ¶146(e)–(f).

395 F.3d at 529.  As a result, his claim for malicious prosecution fails as a matter of law and the trial court did not err in dismissing his claim.

### 1. The underlying lawsuit was not terminated in Hammervold's favor.

To state a claim for malicious prosecution, the plaintiff must allege that the underlying suit terminated in his favor.  *Tex. Beef Cattle*, 921 S.W.2d at 208.  The underlying lawsuit here terminated by voluntary dismissal by the Blank Parties.[43]  Under Texas law, for purposes of a malicious prosecution claim, voluntary dismissal is not a favorable termination of the underlying suit.  *Duzich*, 394 Fed. App'x at 78; *see James v. Brown*, 637 S.W.2d 914, 918–19 (Tex. 1982). Further, Hammervold has pled no circumstances that would lead to the conclusion that the voluntary termination was an adjudication in his favor.  *See McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 350 (Tex. App.—Austin 2001), *rev'd on other grounds* 104 S.W.3d 80 (Tex. 2003) ("depending upon the circumstances attending the non-suits[,]" a "voluntary non-suit[] might satisfy the favorable termination element").  Instead, as this Court concluded: "there is not a clear successful litigant and unsuccessful litigant.  Plaintiffs voluntarily dismissed their case prior to trial, with no adverse rulings on dispositive motions or adverse rulings looming."[44]  As a result, Hammervold has failed to sufficiently plead the required malicious prosecution element that the underlying suit terminate in his favor and, consequently, his malicious prosecution allegations fail to state a claim.

### 2. Hammervold has not pled that he suffered a special injury.

To prevail on his claim for malicious prosecution, Hammervold must establish that he suffered a special injury.  *Tex. Beef Cattle*, 921 S.W.2d at 208.  As with the special injury element

---

[43] *Id.* at ¶142.
[44] Mem. Op. and Ord. (Document 107) in *Diamond Consortium, Inc., and David Blank v. Mark Hammervold and Hammervold*, PLC, No. 4:17-CV-452, at 5.

of abuse of process, to "satisfy the special injury requirement" for malicious prosecution, "[t]here must be some physical interference with a party's person or property in the form of an arrest, attachment, injunction, or sequestration." *Id.* at 209.

Hammervold fails to plead any special injury.  He makes no allegation of any physical interference with his person or property, such as an "arrest, attachment, injunction, or sequestration" or that Jewelers Mutual or any Defendant requested any relief that would interfere with his person or property. *Id.*[45]  Instead, Hammervold unsuccessfully strives to meet the special injury requirement by asserting that the alleged malicious prosecution: (1) "created a potential [] conflict of interest between Hammervold and prospective claimants that limited" his "ability to accept additional representation of claimants" against the Blank Parties; (2) "damaged Hammervold's professional reputation" which "harmed his future job prospects"; and (3) was meant by "conspir[ing]" Defendants "to keep plaintiff from engaging in [his] business."[46]  The purported (and inaccurate) allegations do not support that Hammervold suffered a "special injury" under Texas law.  *See Finlan v. Dallas ISD*, 90 S.W.3d 395, 406 (Tex. App.—Eastland 2002, pet. denied) ("The types of 'reputation' damages and 'business loss' damages claimed by [plaintiffs] do not satisfy the 'special injury' requirement for malicious prosecution claim."); *see also Bayou Contracting, Inc. v. Home Indem. Co.*, 39 F.3d 321, 1994 WL 612762, at *2 (5th Cir. Oct. 26, 1994) (allegations that "suit prevented [plaintiff] from obtaining additional business, eventually forcing it out of business" and "damages for lost revenue, mental anguish, and attorney's fees" "do not meet the legal standard" for special injury for a malicious prosecution claim under Texas law).

---

[45] Complaint (Document 1) in *Mark Hammervold v. Diamonds Direct USA of Dallas, LLC et al,* 4:20-cv-165 (E.D. Tex. February 27, 2020), at pp. 1–39 (not alleging any special injury).

[46] *Id.* at ¶158 (citing Illinois law).

Because Hammervold failed to plead a "special injury"—which is a required element of malicious prosecution—his malicious prosecution claim fails as a matter of law.  As a result, the trial court did not err in dismissing Hammervold's malicious prosecution claim.  *See Rodriguez v. Carroll*, 510 F. Supp. 547, 553-54 (S.D. Tex. 1981) (dismissing malicious prosecution claim for failure to plead a special injury, holding alleged "injuries to personal and professional reputation," "damages to [] professional practice" of physicians do not meet special damages requirement); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

### E.     Hammervold's conspiracy claim fails as a matter of law.

To state a claim for civil conspiracy, Hammervold must allege "(1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means)[;] (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."  *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998); *see StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 426 F. Suppl. 3d 311, 353–54 (E.D. Tex. 2019) (same).  The "meeting of minds" element requires "[c]onspirators must know the object and purposes of the conspiracy, agree to the scheme, and specifically intend to advance the conspiracy."  *Marlin v. Moody Nat'l Bank, N.A.*, 248 Fed. App'x 534, 538 (5th Cir. 2007); *see First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) ("actionable civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means").  As a result, "an actionable civil conspiracy exists only as to those parties who are aware of the intended harm or

18

proposed wrongful conduct at the outset of the combination or agreement." *Parker*, 514 S.W.3d at 222.

First, because Hammervold has failed to state a claim for the underlying torts on which his conspiracy claim relies, he has failed to state a claim for civil conspiracy. "Under Texas law, civil conspiracy is a derivative tort."  *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 640 (5th Cir. 2007).  "If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails."  *Id.*  Therefore, whether a plaintiff has "stated a claim for civil conspiracy rises and falls on whether he stated a claim on an underlying tort." *Id.*

Moreover, Hammervold fails to state a conspiracy claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  His complaint alleges that Jewelers Mutual (and Diamonds Direct) "conspired with Blank and Diamond Doctor to abuse process against Hammervold in the federal case and in the state law consumer cases, in order to coerce Hammervold into entering into an illegal settlement agreement in which Hammervold agreed to never solicit or pursue claims against The Diamond Doctor, Blank and Diamonds Direct" or to discredit, embarrass, or "invalidate" Hammervold if he did not agree to enter into the agreement.[47]  With respect to his malicious prosecution claim, Hammervold alleges "Defendants conspired to use litigation: to prevent Hammervold from engaging in business, specifically "from soliciting and prosecuting consumer claims against Blank, the Diamond Doctor, Diamonds Direct, and/or other Jewelers Mutual Insureds."[48]

But Hammervold alleges that the conspiracy began in January 2016, when Blank, Diamond Consortium, and Diamonds Direct concocted a "plan of attack" to respond to consumer actions

---

[47] *Id.* at ¶147.
[48] *Id.* at ¶158(d).

19

filed by Manookian and Hammervold against another jeweler.[49] Hammervold includes no allegation or reference that Jewelers Mutual was part of the alleged plan at its inception in 2016.[50] As a result, he has failed to plead that Jewelers Mutual had a meeting of the minds with other alleged conspirators, for he does not allege that Jewelers Mutual was "aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement" or that it "kn[e]w the object and purposes of the conspiracy, agree[d] to the scheme, and specifically intend[ed] to advance the conspiracy." *Parker*, 514 S.W.3d at 222.

In addition, Hammervold fails to allege that Jewelers Mutual engaged in an "unlawful, overt act." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (because "[t]he only overt acts alleged by Massey" are not "unlawful act[s], Massey has not stated a cause of action for civil conspiracy"). Hammervold's only mention of "overt acts" by Jewelers Mutual alleges that "Jewelers Mutual committed overt acts in furtherance of the conspiracy, including signing off on settlement demands communicated to Hammervold that would unlawfully seal Hammervold off from soliciting future claimants against Blank, Diamond Doctor, and/or Diamonds Direct."[51] Hammervold states no facts or other allegations—other than this one sentence from paragraph 148 of the complaint—to support his allegation that Jewelers Mutual took part in any settlement decisions.[52] Further, even if Jewelers Mutual did "sign[] off" on settlement demands, making or approving a settlement offer is not unlawful.[53] *Massey*, 652 S.W.2d at 934 ("Since the rejection of settlement proposals is not an unlawful act," plaintiff failed to state civil conspiracy claim). Moreover, if Hammervold relies on the listed allegations in paragraph 146 of his Complaint as

---

[49] *Id.* at ¶¶73–75.
[50] *See id.* at ¶¶72–75.
[51] *Id.* at ¶148.
[52] *See id.* at pp. 1–39.
[53] *Id.* at ¶148.

being "overt acts," none of these purported actions—including filing a lawsuit, making settlement offers, and seeking and obtaining agreed injunctions—are unlawful.[54]

In addition, Hammervold's civil conspiracy claim fails because he bases his allegations on "information and belief," which are insufficient bases for his conspiracy claim as a matter of law.[55] *See Twombly*, 550 U.S. at 556 (allegation of anti-competitive conspiracy based "upon information and belief" was a "bare assertion of conspiracy [that] will not suffice" to provide sufficient facts "to state claim to relief that is plausible on its face"); *see Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009) (same).

Based upon the facts and governing law, Hammervold's claims of malicious prosecution, abuse of process, and civil conspiracy against Jewelers Mutual fail to state a claim upon which relief can be granted as a matter of law, and should be dismissed.  FED. R. CIV. P. 12(b)(6).

## CONCLUSION

For the reasons set forth above, Jewelers Mutual requests that the Court grant its motion to dismiss, that Hammervold's claims against Jewelers Mutual be dismissed with prejudice, that Hammervold take nothing by this suit, and that the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

---

[54] *Id.* at ¶146.
[55] *Id.* at ¶¶84, 89 105, 127.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Shawn W. Phelan*
    Shawn W. Phelan
    State Bar No. 00784758
    sphelan@thompsoncoe.com
    Thomas M. Horan II
    State Bar No. 24063938
    thoran@thompsoncoe.com
    Elizabeth Lee Thompson
    State Bar No. 00788290
    lthompson@thompsoncoe.com

700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR DEFENDANT
JEWELERS MUTUAL INSURANCE
COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent a notification to such users that are registered as e-filers with that system.

*/s/ Shawn W. Phelan*
Shawn W. Phelan
Thomas M. Horan II

22