**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MARK HAMMERVOLD,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 4:20-cv-00165-ALM** |
| **DIAMONDS DIRECT USA OF DALLAS, LLC, DAVID BLANK, DIAMOND CONSORTIUM, INC. D/B/A THE DIAMOND DOCTOR, and JEWELERS MUTUAL INSURANCE COMPANY,** | |
| **Defendants.** | |

**DEFENDANTS DAVID BLANK AND DIAMOND CONSORTIUM, INC.**
**D/B/A THE DIAMOND DOCTOR'S RENEWED AND SUPPLEMENTAL**
**12(B)(6) MOTION TO DISMISS (ON REMAND)**

**CARRIE JOHNSON PHANEUF**
Texas Bar No. 24003790
email: cphaneuf@cobbmartinez.com

**KATHERINE ELRICH**
Texas Bar No. 24007158
email: kelrich@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 (phone)
(214) 220-5299 (fax)

*Attorneys for Defendants David Blank and Diamond
Consortium, Inc. d/b/a The Diamond Doctor*

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................i

INDEX OF AUTHORITIES..........................................................................................ii

I.      INTRODUCTION ............................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED ............................................... 2

III.    STATEMENT OF FACTS ............................................................................... 3

IV.     ARGUMENTS AND AUTHORITIES............................................................. 3

        A.      Legal Standard ........................................................................................3

        B.      Choice of Law Analysis .........................................................................4

        C.      The underlying lawsuit was not terminated in Hammervold's favor –
                negating a required element of Hammervold's malicious prosecution
                claim.......................................................................................................5

        D.      Hammervold has failed to plead a special injury—an essential element
                of his abuse of process and malicious prosecution claims......................6

        E.      Hammervold has failed to plead damages with specificity, a required
                element for both his abuse of process and malicious prosecution claims................9

        F.      Hammervold's conspiracy claim fails as a matter of law .....................10

        G.      Hammervold's abuse of process claim is barred by limitations ...........11

V.      CONCLUSION............................................................................................. 11

CERTIFICATE OF SERVICE ................................................................................. 12

# INDEX OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................3, 4

*Bayou Contracting, Inc. v. Home Indem. Co.*,
   39 F.3d 321, 1994 WL 612762 (5th Cir. Oct. 26, 1994) (not designated for
   publication) ................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................3, 11

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) .........................................................................................4

*Carter v. Target Corp.*,
   541 F. App'x 413 (5th Cir. 2013) ................................................................................4

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) .......................................................................................4

*Duzich v. Advantage Fin. Corp.*,
   395 F.3d 527 (5th Cir. 2004) .......................................................................................5

*Escuadra v. Geovera Specialty Ins. Co.*,
   739 F. Supp.2d 967 (E.D. Tex. 2010) ........................................................................4

*Finlan v. Dallas ISD*,
   90 S.W.3d 395 (Tex. App.—Eastland 2002, pet. denied) .........................................8

*Funk v. Stryker Corp.*,
   673 F.Supp.2d 522 (S.D. Tex. 2009) .......................................................................11

*Hall v. Hodgkins*,
   305 F. App'x. 224 (5th Cir. 2008) ..............................................................................4

*Hammervold v. Blank*,
   No. 20-40578 2021 WL 2879776 (5th Cir. July 9, 2021) ...........................................1

*Hammervold v. Blank*,
   No. 4:20-cv-165, 2020 WL 4535914 (E.D. Tex. August 6, 2020) .........................1, 5

*Haygood v. Chandler*,
   No. 12-02-00239-CV, 2003 WL 22480560 (Tex. App.—Tyler Oct. 31, 2003,
   pet. denied) .................................................................................................................9

*Henderson v. Esper*,
　　No. 5:18CV116-RWS-CMC, 2019 WL 3315459 (E.D. Tex. June 19, 2019) .........................4

*James v. Brown*,
　　637 S.W.2d 914 (Tex. 1982) ..............................................................................................5

*John M. Crawley, L.L.C. v. Trans-Net, Inc.*,
　　No. 09-20882, 394 F. App'x 76 (5th Cir. Aug. 31, 2010) .......................................5

*McCall v. Tana Oil & Gas Corp.*,
　　82 S.W.3d 337 (Tex. App.—Austin 2001), *rev'd in part on other grounds*,
　　104 S.W.3d 80 (Tex. 2003) ................................................................................................5

*Meadows v. Hartford Life Ins. Co.*,
　　492 F.3d 634 (5th Cir. 2007) ...........................................................................................10

*Norris v. Hearst Trust*,
　　500 F.3d 454 (5th Cir. 2007) ..............................................................................................4

*Pitts & Collard, L.L.P. v. Schechter*,
　　369 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2011, no pet.) .............................6

*Rodriguez v. Carroll*,
　　510 F. Supp. 547 (S.D. Tex. 1981) ....................................................................................9

*Shastry v. U.S. Bank National Assn.*,
　　No. 3:16-cv-3335-G-BN, 2018 WL 4627132 (N.D. Tex. July 27, 2018) ...............9

*StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*,
　　426 F.Supp.3d 311 (E.D. Tex. 2019) ..............................................................................10

*Tex. Beef Cattle Co. v. Green*,
　　921 S.W.2d 203 (Tex. 1996) ...................................................................................5, 6, 7, 8

*Tilton v. Marshall*,
　　925 S.W.2d 672 (Tex.1996) ..............................................................................................10

*Torch Liquidating Trust ex. rel. Bridge Associates L.L.C. v. Stockstill*,
　　561 F.3d 377 (5th Cir. 2007) ..........................................................................................3, 9

## Other Authorities

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................4

Pursuant to the opinion of the U.S. Court of Appeals for the Fifth Circuit reversing and remanding this Court's Order granting Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim, Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond Doctor (collectively, "the Diamond Doctor Defendants") respectfully file this Renewed and Supplemental 12(b)(6) Motion to Dismiss Plaintiff Mark Hammervold's Complaint, and show the Court as follows:

## I.      INTRODUCTION

On May 1, 2020, the Diamond Doctor Defendants filed a comprehensive 12(b)(6) Motion to Dismiss for failure to state a claim raising multiple arguments for dismissal of Plaintiffs' claims. On August 6, 2020, this Court issued its memorandum opinion and order granting the 12(b)(6) Motion to Dismiss based on the Defendants' res judicata and collateral estoppel arguments ("Memorandum Opinion"). *See Hammervold v. Blank,* No. 4:20-cv-165, 2020 WL 4535914 (E.D. Tex. August 6, 2020), *rev'd and remanded by Hammervold v. Blank,* No. 20-40578, 2021 WL 2879776, *6 (5th Cir. July 9, 2021). In the Memorandum Opinion, this Court did not address the other arguments raised by the Diamond Doctor Defendants. *Id.* Hammervold appealed this Court's decision as set forth in the Memorandum Opinion. The Fifth Circuit reversed and remanded. The Fifth Circuit declined to consider the alternative grounds raised by the Defendants, specifically stating it was preferable to have this Court do so in the first instance.  However,  the Fifth Circuit placed "no conditions or limitations on what actions the district court should take on remand." *Hammervold v. Blank,* No. 20-40578 2021 WL 2879776, *6 (5th Cir. July 9, 2021).

In light of the Fifth Circuit's opinion, the Diamond Doctor Defendants file this Renewed and Supplemental 12(b)(6) Motion to Dismiss for failure to state a claim to 1) remove the arguments from the motion to dismiss which were reversed by the Fifth Circuit and 2) re-urge and

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                     Page 1
481399

supplement the arguments in the motion to dismiss that this Court did not rule upon.[1]

In his Complaint, Hammervold plead claims of abuse of process, malicious prosecution and conspiracy. Hammervold cannot meet key elements of his claims warranting dismissal. This Court should dismiss with prejudice Hammervold's claims against the Diamond Doctor Defendants under Federal Rule 12(b)(6) of Civil Procedure.

## II.      STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Texas law applies to Hammervold's claims for relief.

2.      Whether Hammervold has properly pled a claim for malicious prosecution when he has failed to show that the prior lawsuit was terminated in his favor.

3.      Whether Hammervold has properly pled a claim for abuse of process and/or malicious prosecution when he has failed to plead any special injury.

4.      Whether Hammervold has properly pled a claim for abuse of process and/or malicious prosecution when he has failed to plead with specificity any damages.

5.      Whether Hammervold's conspiracy claim fails due to his underlying tort claims failing.

6.      Pursuant to Federal Rule 10(c) of Civil Procedure, the Diamond Doctor Defendants adopt and incorporate the Statement of Issues Nos. 4-5 in Defendant Jewelers' Mutual Insurance Co.'s 12(b)(6) Motion to Dismiss [Dkt. #17] and Statement of Issue 2 in Jewelers' Mutual Insurance Co.'s Renewed 12(b)(6) Motion to Dismiss [Dkt. #51] as if fully set forth herein.[2]

---

[1] On July 23, 2021, the Parties filed a Stipulation and Application of Parties Regarding Defendants' Deadline to File a Responsive Pleading or Motion pursuant to Rule 12 of the Federal Rules of Civil Procedure [Dkt. # 46]. On August 2, 2021, this Court accepted the Parties' stipulation and ordered that the deadline for Defendants to file a responsive pleading or motion in accordance with Rule 12 of the Federal Rules of Civil Procedure, including their Renewed and Supplemental 12(b)(6) motion to dismiss, is 14 days from the date the mandate issued from the U.S. Court of Appeals for the Fifth Circuit.  [Dkt. #48]. ]. Mandate issued on August 2, 2021. This motion is filed within 14 days of the issuance of mandate.

[2] *See* Jewelers Mutual Insurance Co.'s Mot. to Dismiss at 2 [Dkt. #17]; Jewelers Mutual Insurance Co.'s Renewed Mot. to Dismiss at 2 [Dkt. #51].

---

### III.    STATEMENT OF FACTS

Because the factual background was fully set forth in the original 12(b)(6) Motion to Dismiss, and pursuant to Federal Rule 10(c) of Civil Procedure, the Diamond Doctor Defendants adopt and incorporate the statement of facts section from their previous 12(b)(6) Motion to Dismiss as if fully set forth here.[3]

In short, and as discussed below, Hammervold cannot meet key elements of his abuse of process and malicious prosecution claims. Further, the abuse of process claim is barred by limitations. Because these tort claims fail, Hammervold's conspiracy claim based on these tort claims also fails. This Court should dismiss with prejudice the claims against the Diamond Doctor Defendants.

### IV.    ARGUMENTS AND AUTHORITIES[4]

**A.    Legal Standard.**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Torch Liquidating Trust ex. rel. Bridge Associates L.L.C. v. Stockstill,* 561 F.3d 377, 384 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (internal citations omitted). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Torch Liquidating Trust,* 561 F.3d at 384 (stating dismissal is proper if the complaint lacks an allegation regarding a required element to obtain

---

[3] *See* the Diamond Doctor Defendants' Mot. to Dismiss at 2-9 [Dkt. #9].
[4] The Diamond Doctor Defendants adopt and incorporate the argument section of their Mot. to Dismiss at 9-13, 18-23 [Dkt. #9].

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                         Page 3
481399

relief). Moreover, conclusory allegations or legal conclusions camouflaged as factual conclusions will not overcome a motion to dismiss. *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556  U.S. at 678.  The plaintiff must show that he is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Iqbal,* 446 U.S. at 678.  The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory.  *See* Fed. R. Civ. P. 12(b)(6); *see also Escuadra v. Geovera Specialty Ins. Co.,* 739 F. Supp.2d 967, 977 (E.D. Tex. 2010).

Although the court cannot consider extrinsic evidence in ruling on a Rule 12(b)(6) motion to dismiss, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Henderson v. Esper,* No. 5:18CV116-RWS-CMC, 2019 WL 3315459, *3 (E.D. Tex. June 19, 2019), *report and recommendation adopted,* No. 5:18-cv-116, 2019 WL 3407153 (E.D. Tex. July 25, 2019) (Schroeder, J.) (quoting *Carter v. Target Corp.,* 541 F. App'x 413, 416 (5th Cir. 2013)); *see also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Additionally, this Court may take judicial notice of matters of public record. *Henderson,* 2019 WL 3315459, at *3; *Hall v. Hodgkins,* 305 F. App'x. 224, 227-28 (5th Cir. 2008) (citing *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

**B.**     **Choice of Law Analysis.**

Hammervold suggested in his Complaint that Illinois law applies to his malicious prosecution claim.[5] This Court analyzed this issue in its Memorandum Opinion finding Texas law

---

[5] *See* Compl. [Dkt. #1] at ¶¶ 157(a), 158(a). Hammervold is silent as to any choice of law for his abuse of process claim. Nonetheless, Texas law applies to his abuse of process claim, as well as his malicious prosecution claim.

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 4
481399

should apply. *See Hammervold,* 2020 WL 4535914 at *3. This decision should carry through to the analysis of the other grounds raised in the 12(b)(6) motion to dismiss. *See id.* Pursuant to Federal Rule 10(c) of Civil Procedure, the Diamond Doctor Defendants adopt and incorporate the same argument asserted in their original 12(b)(6) Motion to Dismiss and Jewelers Mutual's Renewed 12(b)(6) Motion to Dismiss showing that under a choice of law analysis, Texas law applies.[6]

## C.   The underlying lawsuit was not terminated in Hammervold's favor – negating a required element of Hammervold's malicious prosecution claim.

To prove a malicious prosecution claim, one of the required elements Hammervold must meet is that the prior lawsuit was terminated in Hammervold's favor. *Tex. Beef Cattle Co. v. Green,* 921 S.W.2d 203, 208 (Tex. 1996). But the Diamond Doctor Defendants voluntarily dismissed their claims against Hammervold in the Second Lawsuit.[7] Under Texas law, a voluntary dismissal is not a favorable termination of an underlying lawsuit for a malicious prosecution claim. *See John M. Crawley, L.L.C. v. Trans-Net, Inc.,* No. 09-20882, 394 F. App'x 76, 78 (5th Cir. Aug. 31, 2010) (citing *Duzich v. Advantage Fin. Corp.,* 395 F.3d 527, 530 (5th Cir. 2004)); *James v. Brown,* 637 S.W.2d 914, 918-19 (Tex. 1982).  Although there can be limited circumstances where a voluntary dismissal may constitute a favorable termination, Hammervold has not pled any circumstance which would warrant any consideration that the voluntary dismissal in the Second Lawsuit was a termination of the suit in favor of Hammervold, and none applies here. *See McCall v. Tana Oil & Gas Corp.,* 82 S.W.3d 337, 350 (Tex. App.—Austin 2001), *rev'd in part on other grounds*, 104 S.W.3d 80 (Tex. 2003). Moreover, this Court recognized in its Memorandum Opinion and Order

---

[6] *See* the Diamond Doctor Defendants' Mot. to Dismiss at 10-13 [Dkt. #9]; Jewelers Mutual Insurance Co.'s Renewed Mot. to Dismiss at 8-9 [Dkt. #51]. The "Second Lawsuit" is defined as *Diamond Consortium, Inc. and David Blank v. Mark Hammervold and Hammervold, PLC,* No. 4:17-CV-452.
[7] *See* Exs. B & C to the Diamond Doctor Defendants' Mot. to Dismiss [Dkt. # 9].

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                      Page 5
481399

denying Hammervold's request for attorney's fees in the Second Lawsuit: "[T]here is not a clear successful litigant and unsuccessful litigant.  Plaintiffs voluntarily dismissed their case prior to trial, with no adverse rulings on dispositive motions or adverse rulings looming."[8]  Because Hammervold cannot show that he was the prevailing party in the prior Second Lawsuit, Hammervold cannot meet an essential element of his malicious prosecution claim. Thus, this Court should dismiss Hammervold's malicious prosecution cause of action for failure to state a claim.

**D.     Hammervold has failed to plead a special injury—an essential element of his abuse of process and malicious prosecution claims.**

Hammervold has not pled a special injury required for his abuse of process and malicious prosecution claims. To prove an action for either abuse of process or malicious prosecution, the plaintiff must establish it suffered a special injury. *Tex. Beef Cattle Co.,* 921 S.W.2d at 208 (malicious prosecution claim); *Pitts & Collard, L.L.P. v. Schechter,* 369 S.W.3d 301, 332-33 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (abuse of process). To show a "special injury," the plaintiff must show a physical interference with the plaintiff's person or property, such as arrest, attachment, injunction, or sequestration. *Tex. Beef Cattle,* 921 S.W.2d at 209; *Pitts & Collard, L.L.P.,* 369 S.W.3d at 332-33. The purpose behind such requirement is to ensure that every litigant has free and open access to the judicial system without fear of countersuit for malicious prosecution or abuse of process. *Tex. Beef Cattle,* 921 S.W.2d at 209; *Pitts & Collard, L.L.P.,* 369 S.W.3d at 333. "The special damage requirement also serves to avoid needless and vexatious litigation." *Pitts & Collard, L.L.P.,* 369 S.W.3d at 333 (citing *Tex. Beef Cattle,* 921 S.W.2d at 209).

Here, Hammervold fails to present any special injury. The Diamond Doctor Defendants never requested any sort of relief that could constitute a physical interference with Hammervold's

---

[8] *See* Ex. A at 5 to the Diamond Doctor Defendants' Mot. to Dismiss [Dkt. # 9].

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)          Page 6
481399

person or property, such as an arrest, attachment, injunction, or sequestration.[9] Although Hammervold cites to an agreed injunction in the *Manookian* lawsuit as part of his abuse of process claim,[10] Hammervold was not a party to that injunction and the Diamond Doctor Defendants never sought an injunction against Hammervold.[11]  *See Tex. Beef Cattle,* 921 S.W.2d at 210 (holding that the reach of the special injury does not include the incidental effects for an injunction on those who were not directly targeted by the injunction).

Hammervold contends that the agreed injunction between the Diamond Doctor Defendants and the Manookian Defendants entered as part of the settlement of their dispute in the First Lawsuit[12] enjoined the Diamond Doctor Defendants and the Manookian Defendants from any harassing conduct or disparaging or defaming the services, business, integrity, veracity or personal or professional reputations of either party in either a personal or professional manner.[13] Hammervold further alleges that the injunction applied to him as someone "in active concert or participation with [the Parties] who receive[s] actual notice of this order by personal service or otherwise."[14] Hammervold claims that obtaining such agreed injunction was an abuse of process because the Diamond Doctor Defendants alleged Hammervold was in active concert with the Manookian Defendants and such injunction was used to silence Brian Manookian, a critical witness for Hammervold's defense against the Diamond Doctor Defendants' claims.[15] At best, Hammervold merely pleads the incidental effects of an injunction between the Diamond Doctor

---

[9] *See* Ex. G to the Diamond Doctor Defendants' Mot. to Dismiss [Dkt. # 9].
[10] *See* Compl. [Dkt. #1] at ¶ 148 (e), (f).
[11] *See* Ex. G to the Diamond Doctor Defendants' Mot. to Dismiss [Dkt. # 9].
[12] "First Lawsuit" is defined as *Diamond Consortium v. Brian Manookian,* 4:16-cv-94.
[13] *See* Compl. [Dkt. #1] at ¶ 117.
[14] *See* Compl. [Dkt. #1] at ¶ 118.
[15] *See* Compl. [Dkt. #1] at ¶ 148 (e), (f).

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 7
481399

Defendants and the Manookian Defendants.[16] Such pleading is insufficient to support a special injury under Texas law. *See Tex. Beef Cattle,* 921 S.W.2d at 210.

As for his malicious prosecution claim, Hammervold fails to plead any allegation that the agreed injunction with the Manookian Defendants resulted in some sort of malicious prosecution against Hammervold. The Complaint is completely silent as to any mention of an injunction in connection with his malicious prosecution claim.[17] In fact, the only "special injury" alleged in connection with the malicious prosecution claim is that it created a potential "conflict of interest between Hammervold and prospective claimants that limited Hammervold's ability to accept additional representation of claimants against Blank and The Diamond Doctor" and "[t]he Defendants' malicious prosecution of Hammervold damaged Hammervold's professional reputation in a manner that harmed his future job prospects."[18] Hammervold further alleged that "[t]he Defendants conspired to use litigation 'not to resolve any legal dispute between the parties, but to keep plaintiff from engaging in its business.'"[19] None of these allegations support a "special injury" as determined by Texas law.  *See Bayou Contracting, Inc. v. Home Indem. Co.,* 39 F.3d 321, 1994 WL 612762, *2 (5th Cir. Oct. 26, 1994) (not designated for publication) (holding that allegations of lost business, lost income or revenue, mental anguish and attorney's fees did not meet the special injury requirement for a malicious prosecution claim); *Finlan v. Dallas ISD,* 90 S.W.3d 395, 406 (Tex. App.—Eastland 2002, pet. denied) (holding reputation and business loss damages do not meet the special injury requirement for malicious prosecution). There is absolutely no allegation of any physical interference with Hammervold's person or property, such as arrest, attachment, injunction, or sequestration to support Hammervold's malicious prosecution claim.

---

[16] *See* Compl. [Dkt. #1] at ¶ 148 (e), (f).
[17] *See* Compl. [Dkt. #1] at ¶¶ 153-161.
[18] *See* Compl. [Dkt. #1] at ¶ 158 (b), (c).
[19] *See* Compl. [Dkt. #1] at ¶ 158 (d).

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 8
481399

*See Haygood v. Chandler,* No. 12-02-00239-CV, 2003 WL 22480560, *5 (Tex. App.—Tyler Oct. 31, 2003, pet. denied) (affirming summary judgment on a malicious prosecution claim when there was no evidence that the physician suffered any physical interference with his person or property, such as an arrest, attachment, injunction or sequestration from the patient's malpractice lawsuit). Because Hammervold has failed to plead a "special injury" as required to bring an abuse of process and malicious prosecution claim, this Court should dismiss Hammervold's claims for failure to state a claim. *See Rodriguez v. Carroll,* 510 F. Supp. 547, 553-54 (S.D. Tex. 1981) (dismissing malicious prosecution claim for failure to plead a special injury); *see also Torch Liquidating Trust,* 561 F.3d at 384 (dismissal is proper if the complaint fails to plead a specific element of the claim).

Additionally, pursuant to Federal Rule 10(c) of Civil Procedure, the Diamond Doctor Defendants adopt and incorporate the arguments set forth in Defendant Jewelers Mutual Insurance Company's Motion to Dismiss and Renewed Motion to Dismiss on Hammervold's malicious prosecution and abuse of process claims as if fully set forth herein.[20]

## E.      Hammervold has failed to plead damages with specificity, a required element for both his abuse of process and malicious prosecution claims.

Hammervold seeks compensatory damages in excess of $500,000 and punitive damages of over $1.5 million without explaining any sort of facts supporting such damage request or how he has even been damaged, especially when the Diamond Doctor Defendants voluntarily dismissed their suit against Hammervold.[21] Hammervold's allegations are nothing but conclusory statements, and thread-bare recitals of damages and do not suffice. Damages are a required element of the abuse of process and malicious prosecution claims. Without sufficient pleading of damages, Hammervold's claims should be dismissed. *See Shastry v. U.S. Bank National Assn.,* No. 3:16-cv-

---

[20] *See* Jewelers Mutual Insurance Co.'s Mot. to Dismiss at 16-25 [Dkt. #17]; Jewelers Mutual Insurance Co.'s Renewed Mot. to Dismiss at 11-18 [Dkt. #51].
[21] *See* Compl. [Dkt. #1] at ¶¶ 150, 151, 159, 160.

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 9
481399

3335-G-BN, 2018 WL 4627132, * 11 (N.D. Tex. July 27, 2018), *report and recommendation adopted,* No. 3:16-cv-3335-G-BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018) (Fish, J.).

**F.      Hammervold's conspiracy claim fails as a matter of law.**

Finally, Hammervold's conspiracy claim also fails.  Under Texas law, civil conspiracy is a derivative tort. *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 640 (5th Cir. 2007). If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails. *See Meadows,* 492 F.3d at 640 (citing *Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex.1996)). Thus, whether Hammervold stated a claim for civil conspiracy rises and falls on whether he stated a claim on an underlying tort. Because Hammervold's underlying torts must be dismissed, his civil conspiracy must also be dismissed.

Additionally, pursuant to Federal Rule 10(c) of Civil Procedure, the Diamond Doctor Defendants adopt and incorporate the arguments set forth in Defendant Jewelers Mutual Insurance Company's Motion to Dismiss and Renewed Motion to Dismiss on Hammervold's conspiracy claim as if fully set forth herein.[22] As explained in Jewelers Mutual Insurance Company's Motion to Dismiss, Hammervold's Complaint fails to include allegations of necessary elements of a conspiracy claim.[23] *See StoneCoat of Tex., LLC v. ProCal Stone Design, LLC,* 426 F.Supp.3d 311, 353-54 (E.D. Tex. 2019) (setting forth the elements of conspiracy). As to the Diamond Doctor Defendants, the allegations do not support the Diamond Doctor Defendants seeking to accomplish an unlawful purpose or lawful purpose by unlawful means, a required element of a conspiracy claim.[24] Nor is there any allegation of an unlawful or overt act by the Diamond Doctor Defendants,

---

[22] *See* Jewelers Mutual Insurance Co.'s Mot. to Dismiss at 22-25 [Dkt. #17]; Jewelers Mutual Insurance Co.'s Renewed Mot. to Dismiss at 18-21 [Dkt. #51].
[23] *See id.*
[24] *See id.*

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 10
481399

another required element of a conspiracy claim.[25] Additionally, as explained in Jewelers Mutual Insurance Company's Motion to Dismiss, Hammervold's conspiracy allegations are made on "information and belief," which are insufficient as a matter of law.[26] *See Twombly,* 550 U.S. at 551; *see also Funk v. Stryker Corp.,* 673 F.Supp.2d 522, 525 (S.D. Tex. 2009).

## G.    **Hammervold's abuse of process claim is barred by limitations.**

Alternatively, to the extent this Court rejects the above raised arguments to dismiss the abuse of process claim but agrees with Jewelers Mutual that the abuse of process claim is barred by limitations, the limitations argument is equally applicable to the abuse of process claim pled against the Diamond Doctor Defendants. Pursuant to Federal Rule 10(c) of Civil Procedure, and in an effort to promote judicial economy and avoid unnecessary delay, the Diamond Doctor Defendants adopt and incorporate the arguments set forth in Defendant Jewelers Mutual Insurance Company's Motion to Dismiss and Renewed Motion to Dismiss on the statute of limitations barring Hammervold's abuse of process claim as if fully set forth herein.[27]

## V.    CONCLUSION

For these reasons, the Diamond Doctor Defendants request that the Court grant their Renewed and Supplemental Motion to Dismiss, that it be ordered that Hammervold's claims against the Diamond Doctor Defendants be dismissed with prejudice, and that Hammervold take nothing by this suit. The Diamond Doctor Defendants request the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

---

[25] *See id.*
[26] *See id.* at 25.
[27]   *See* Jewelers Mutual Insurance Co.'s Mot. to Dismiss at 13-16 [Dkt. #17]; Jewelers Mutual Insurance Co.'s Renewed Mot. to Dismiss at 10-11 [Dkt. #51].

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)                    Page 11
481399

Respectfully Submitted,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 Telephone
(214) 220-5299 Facsimile


By:_____/s/ *Carrie J. Phaneuf*_____
     **CARRIE JOHNSON PHANEUF**
     Texas Bar No. 24003790
     email: cphaneuf@cobbmartinez.com

     **KATHERINE ELRICH**
     Texas Bar No. 24007158
     email: kelrich@cobbmartinez.com

**ATTORNEYS FOR DEFENDANTS
DAVID BLANK AND DIAMOND
CONSORTIUM, INC. D/B/A THE
DIAMOND DOCTOR**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2021, a true and correct copy of the foregoing was filed and served electronically upon all counsel of record.


       _____*/s/ Carrie J. Phaneuf*_____
       **CARRIE JOHNSON PHANEUF**

Defendants David Blank and Diamond Consortium, Inc. d/b/a The Diamond
Doctor's Renewed and Supplemental 12(b)(6) Motion to Dismiss (On Remand)     Page 12
481399